409 So.2d 1081 (1982)
Daniel Richard HENTHORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1383.
District Court of Appeal of Florida, Second District.
January 8, 1982.
Rehearing Denied February 23, 1982.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Daniel Richard Henthorne appeals his conviction and sentence for armed robbery. He raises two points on appeal, one of which has merit. He contends that the confession he gave to the police was involuntary and should have been suppressed. We agree and reverse.
Appellant's confession is rendered involuntary by the undisputed fact that the interrogating officer promised appellant that if he would disclose the identity of his coperpetrator in the instant case, he would not be charged with two other armed robberies the officer believed he was involved in. Where a confession is induced by the promise of a benefit, however slight, the confession cannot stand. Shotwell Manufacturing Co. v. United States, 37 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); Frazier v. State, 107 So.2d 16 (Fla. 1958); State v. Chorpenning, 294 So.2d 54 (Fla. 2d DCA 1974). The law on this point was made clear as early as 1897, when the United States Supreme Court held: "`... A confession can never be received in evidence where the prisoner has been influenced by *1082 any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner... .'" Bram v. United States, 168 U.S. 532, 543, 18 S.Ct. 183, 187, 42 L.Ed. 568, 573 (1897). (Emphasis added.)
The fact that appellant was permitted to and did confer with an attorney before making his decision to confess is immaterial, since it could not vitiate the effect of the very direct and explicit promise made. None of the cases relied on by the state involves such a clear inducement; they are therefore inapposite to the case before us.
Inasmuch as the robbery victim was the only other witness against appellant, we cannot say that the evidence against appellant was so overwhelming as to render the admission of his confession in evidence harmless error, although the victim's testimony in and of itself would have been sufficient to support a guilty verdict.
Accordingly, appellant's judgment and sentence is REVERSED and the cause REMANDED for new trial.
SCHOONOVER, J., concurs.
CAMPBELL, J., dissents with opinion.
CAMPBELL, Judge, dissenting.
I respectfully dissent.
Appellant was arrested for an armed robbery in which another person supposedly participated. The arresting officer was concerned with learning the identity of the other individual. He was also investigating two other armed robberies which he believed appellant had committed.
The appellant was arrested after being identified in a line-up. After being advised of his constitutional rights, appellant informed the officer he desired to talk to an attorney before making any statements. The questioning by the officer was then terminated. The next day appellant was allowed to consult with an attorney from the public defender's office. After consultation the appellant informed his attorney and the arresting officer that he wanted to cooperate but wanted to think about it for a few days. The arresting officer had told appellant that if he would identify the alleged coperpetrator of the armed robbery, the other charges involving appellant would be dropped. The next day appellant conferred with another attorney from the public defender's office for about an hour and fifteen minutes. After that consultation, appellant agreed to talk with the arresting officer and identify the coperpetrator. The officer agreed to drop the other charges being investigated. Appellant waived his right to have his attorney present when he gave his confession.
The trial judge found as follows:
From the testimony and from listening to the tape, it is clear to the Court that the Defendant knew what he was doing and well aware of the rights and the rights he was waiving. The question is whether the promise by the officer not to charge him with other crimes is a promise sufficient to, in effect, set aside what was an intelligent waiver.
In this particular case the Defendant did on two occasions, prior to making any statement, consult with his lawyers. I cannot help but feel that the Defendant knew what he was doing and did so willingly and voluntarily. And I feel the statement is  his confession is admissible.
I agree with the trial judge and would affirm appellant's conviction and sentence.