462 So.2d 874 (1985)
Dan GARDENER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2.
District Court of Appeal of Florida, Second District.
January 30, 1985.
Linnes Finney, Jr. of Gary, Williams & Walker, Fort Pierce, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., and Katherine V. Blanco, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
The defendant, Dan Gardener, appeals a final judgment adjudicating him guilty of the sale of cocaine in violation of section 893.13(1)(a)(1), Florida Statutes (1981). We affirm.
We deem it appropriate to discuss only one of defendant's points on appeal: that the trial court erred in departing from the sentencing guidelines. The sentencing guideline worksheet indicated that the defendant had a total of 65 points which, under the guidelines, called for a recommended sentence of any non-state prison sanction. However, the court departed from the guidelines and imposed a 30-month sentence with five years probation to follow and fined the defendant $10,000 *875 plus $500 as the surcharge required by section 960.25, Florida Statutes (1981).
In departing from the guidelines, the trial judge, in accordance with rule 3.701(d)(11), delineated in a written statement his reasons for departure:
The defendant is a teacher. He sold cocaine. Tapes indicate he was doing business on school property. He talked about laughing all the way to the bank indicating pure greed and utter disregard for the high position of trust given to him, especially in the eyes of his children students.
On appeal, the defendant argues that pursuant to rule 3.701(d)(11), factors relating to the offense should not be included in computing the sentence. We disagree. In Smith v. State, 454 So.2d 90, 91 (Fla. 2d DCA 1984), this court concluded that rule 3.701(d)(11) "does not prohibit the court from considering aggravating circumstances and actions of the accused in the commission of the offense ... as a basis for departure from the guidelines." See also Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984).
The defendant also argues that the departure from the guidelines was based on his social status, in violation of rule 3.701(b)(1), Florida Rules of Criminal Procedure. This argument is also without merit. The trial judge in his written statement did not base the reasons for departure on the defendant's social status, i.e., the fact that he was a schoolteacher; rather, the principal basis for departure was the defendant's abuse of his position of trust.
AFFIRMED.
GRIMES, A.C.J., and OTT and LEHAN, JJ., concur.