479 So.2d 153 (1985)
Stuart Worthington IRWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2294.
District Court of Appeal of Florida, Second District.
November 8, 1985.
Rehearings Denied December 9, 1985.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Stuart Worthington Irwin, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Stuart Irwin appeals his conviction for conspiracy to traffic in cocaine. We reject appellant's arguments except as to his sentence.
The trial judge departed from the sentencing guidelines by imposing an additional five years to appellant's sentence for *154 conspiracy to traffic in cocaine. The judge cited appellant's "outrageous lies" and the quantity of contraband as the basis of the departure.
We agree with appellant that the first ground is not a valid reason for departure, especially since appellant was never convicted of perjury. Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985); Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985). The quantity of drugs involved in the offense is a proper circumstance to be considered in departing from a recommended sentence since it is a factor relating to the instant offense. Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984).
We find the departure in this case to be grounded on permissible and impermissible reasons. In such a case our supreme court has recently held that "the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence." Albritton v. State, 476 So.2d 158 (Fla. 1985). It is not clear whether the impermissible reason of appellant's alleged perjury affected the departure in this manner.
Therefore, we reverse appellant's sentence and remand for resentencing. We affirm the conviction in all other aspects.
RYDER, C.J., and CAMPBELL, J., concur.