483 So.2d 94 (1986)
Harry James PURSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2463.
District Court of Appeal of Florida, Second District.
February 12, 1986.
*95 Lawrence L. Scott, Tampa and John E. Lund, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Harry James Pursell appeals the judgment and sentence for his conviction of conspiracy to traffic in over 400 grams of cocaine. We affirm his conviction but reverse and remand for resentencing.
Under the guidelines, appellant's recommended sentence was three and one-half to four and one-half years. However, appellant's conviction under section 893.135(1)(b)(3), Florida Statutes (1983), required the court to impose the minimum mandatory sentence of fifteen years. See Lightfoot v. State, 459 So.2d 1157, 1159 (Fla. 2d DCA 1984). The trial court imposed a sentence of thirty years imprisonment. The court's written reasons for departure from the minimum mandatory sentence required under the guidelines were that the quantity of drugs far exceeded 400 grams; that appellant deliberately and blatantly lied during his testimony; and that appellant was part of a large scale, sophisticated drug smuggling operation.
In this case, the amount of cocaine involved in the conspiracy was 1,952.5 grams. We have previously held that the quantity of drugs involved in an offense is a valid reason for departure. Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985).
The court's second reason, that appellant lied during his testimony, is an improper reason for departure. Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985).
The court found that appellant was part of a large scale, sophisticated drug smuggling operation. The only evidence to suggest this finding is a tape recorded telephone conversation between appellant's codefendant and an undercover police officer in which the codefendant had stated that "his man" had previously purchased ten kilos of cocaine from a different source, and was a "major distributor up there." Such hearsay allegations are insufficient to support the court's conclusion, and do not provide a valid reason for departure. Even if the hearsay statements were proven true, appellant was neither charged nor convicted of any prior trafficking charge in Florida or in his home state of Alaska. It was improper to depart from the guidelines on the basis of alleged crimes for which the appellant has not been either arrested or convicted. Trainor v. State, 468 So.2d 484, 486 (Fla. 2d DCA 1985). In this case, the implication that appellant was a major drug smuggler can arise only from the large quantity of cocaine he had conspired to purchase, and the court has already used the quantity involved as a reason for departure.
The state has not shown beyond a reasonable doubt that the absence of impermissible reasons would not have affected the departure sentence, therefore, we reverse and remand for resentencing. Carter v. State, 478 So.2d 1071 (Fla. 1985).
Reversed and remanded with instructions.
GRIMES and SCHEB, JJ., concur.