483 So.2d 876 (1986)
Richard GALLO, Appellant,
v.
STATE of Florida, Appellee.
No. 85-448.
District Court of Appeal of Florida, Second District.
February 28, 1986.
James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
*877 PER CURIAM.
The appellant, Richard Gallo, appeals from a judgment and sentence entered against him for trafficking in cocaine. We reverse the sentence, but affirm in all other respects.
After the appellant presented undercover detectives with 43.5 grams of cocaine in exchange for $4000, he was charged with and convicted of trafficking in cocaine in an amount of twenty-eight grams or more but less than 200 grams, a violation of section 893.135(1)(b)1, Florida Statutes (1983). The trial court departed from the guideline-recommended range of three-and-one-half to four-and-one-half years imprisonment and sentenced appellant to thirty years, with a three-year mandatory-minimum term. The court stated it departed from the guidelines because of the quantity of drugs involved, because the appellant refused to provide information to law enforcement officials, and because the appellant lied about his ability to name his supplier. We find that the court erred in departing from the guidelines presumptive sentence.
Neither lying nor failure to cooperate with police are valid reasons for departure from the guidelines. Kossow v. State, 468 So.2d 1104 (Fla. 2d DCA 1985). Although several courts have held that the quantity of drugs involved in a transaction may be a valid reason, the amount of drugs in those cases far exceeded that necessary for conviction. See, e.g., Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986); Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Seastrand v. State, 474 So.2d 908 (Fla. 5th DCA 1985). The amount present in the instant case, 43.5 grams, did not far exceed the twenty-eight grams necessary for conviction under section 893.135(1)(b).
We, accordingly, reverse and remand to the trial court with directions to resentence appellant within the presumptive guideline range of three-and-one-half to four-and-one-half years.
Reversed and remanded.
GRIMES, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.