PER CURIAM.
As a result of a “controlled buy”, law enforcement officers secured a search warrant of the defendant’s premises. Thereupon, after a second “controlled buy”, the defendant’s premises were entered and searched, and the defendant was arrested and charged with numerous drug violations. Following a jury trial, he was convicted of possession of a controlled substance, to wit: cocaine; unlawful possession of cannabis; possession of a controlled substance, to wit: methaqualone; use, possession, manufacture, delivery, or advertisement of drug paraphernalia; possession of a controlled substance, to wit: diazepam; and sale or delivery of a controlled substance, to wit: diazepam.
Upon sentencing, the trial court deviated from the sentencing guidelines because, “defendant held position of trust in HRS,” and sentenced the defendant to ten years for the sale or delivery of a controlled substance, four concurrent five-year sentences on the other felony counts, and to time served on the misdemeanor count.
On appeal, the appellant urges error in denial of a motion to quash the affidavit of the search warrant, certain pretrial discovery motions and several evidentiary rulings, plus an unfounded reason for deviating from the guidelines.
We find no error in the several grounds urged for reversal as to the pretrial and trial proceedings. Arango v. State, 467 So.2d 692 (Fla.1985); Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984); Bonham v. State, 450 So.2d 269 (Fla. 3d DCA 1984); Goodman v. State, 418 So.2d 308 (Fla. 1st DCA 1982); Lowery v. State, 402 So.2d 1287 (Fla. 5th DCA 1981); United States v. Bagley, — U.S. -, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). However, we do find error in the trial court’s deviation from the sentencing guidelines. It is true that the defendant was employed by HRS and could have been (in such capacity) in a sensitive position with minors; however none of the convictions involved events that took place at an HRS facility or in the discharge of his duties or with a person under the care of HRS and therefore we think the trial court should not have aggravated the sentence. We have not overlooked the case of Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985), but we note a distinction in that the school teacher was convicted of selling narcotics on the school grounds and we do not think this decision will support the deviation in the instant case. Therefore, for the reasons stated, the convictions are affirmed, the sentences are reversed and the cause is remanded to the trial court for sentencing within the guidelines.
Reversed and remanded with directions.