498 So.2d 962 (1986)
Jose PASTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2052.
District Court of Appeal of Florida, Fourth District.
October 8, 1986.
On Motion for Rehearing December 24, 1986.
*963 Jon A. Sale, Benedict P. Kuehne and Robert M. Duboff of Law Offices of Bierman, Sonnett, Shohat & Sale, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Jose Pastor, appeals his conviction and 30 year sentence for drug trafficking. For the reasons set forth below, we affirm the conviction but reverse the sentence and remand the cause for resentencing.
Pastor contends that his conviction for trafficking in cocaine should be reversed because the trial court erred in denying his motions to: (1) suppress the evidence used to convict him; (2) continue his jury trial; and (3) grant a mistrial based upon the prosecutor's alleged comment in closing argument on his failure to testify.
The trial court denied Pastor's motion to suppress the cocaine found in his possession and the incriminating statements made by him after his arrest on the grounds that the discovery by undercover officers of the City of Hollywood Police Department of the cocaine in Pastor's bag at the Hollywood Amtrak Station on January 8, 1985, resulted from Pastor's voluntary consent to the search which did not give rise to any fourth amendment violations. The trial court's finding that Pastor had consented to the search of his bag containing the cocaine was based upon the testimony of the arresting officers who discovered the cocaine. They testified, inter alia, that they identified themselves to Pastor and asked for his help in combating the narcotics problem in South Florida. After explaining to Pastor that he did not have to speak to them or allow them to search his bag, he agreed to the search which uncovered six oblong-shaped packages which contained cocaine. The train that Pastor was intending to board had not pulled out of the station at this time, and Pastor would have been able to board it if the search had not uncovered narcotics.
Although this court has stated that "claims of voluntary consent to search should be closely scrutinized," Racz v. State, 486 So.2d 3, 4 (Fla. 4th DCA 1986), it is well-established that a lawful search can be properly based on voluntary consent. The competing interests involved where police *964 officers request permission to search were clearly delineated in Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047-48, 36 L.Ed.2d 854 (1973), as follows:
[T]he question whether a consent to a search was in fact "voluntary" or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances. While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent. As with police questioning, two competing concerns must be accomodated in determining the meaning of a "voluntary" consent  the legitimate need for such searches and the equally important requirement of assuring the absence of coercion.
To establish that a person's consent to a search resulted from a consensual encounter with the police not implicating fourth amendment interests rather than from a "seizure" of the person within the meaning of the fourth amendment, the state must prove that the circumstances surrounding the contact between the person and the police were such that a reasonable person would have believed that he was free to leave. Florida v. Rodriguez, 469 U.S. 1, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984); Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Jacobson v. State, 476 So.2d 1282 (Fla. 1985).
The trial court's finding that Pastor consented to the search of his bag during a consensual encounter with the police is in accord with the above authorities. It is also amply supported by the evidence presented and the reasonable inferences and deductions therefrom and must, therefore, be affirmed on appeal. Shapiro v. State, 390 So.2d 344, 346 (Fla. 1980); McNamara v. State, 357 So.2d 410, 412 (Fla. 1978).
Pastor's remaining contentions that his conviction should be reversed are without merit. The comment made by the prosecutor during closing argument was virtually identical to the comment approved in White v. State, 377 So.2d 1149 (Fla. 1979), as referring to the absence of a defense generally and not to the failure of a defendant individually to testify. See also State v. Sheperd, 479 So.2d 106 (Fla. 1985). The denial of Pastor's motion for a third continuance, under the circumstances presented by the record, was well within the broad discretion of the trial court. Echols v. State, 484 So.2d 568, 572 (Fla. 1985); Lusk v. State, 446 So.2d 1038, 1040 (Fla. 1984), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984).
Pastor also contends that the trial court erred in departing from the 15 year mandatory minimum sentence specified by the sentencing guidelines and sentencing him to a term of 30 years imprisonment, with a 15 year mandatory minimum. The trial court's written reasons for departure were as follows:
a. The defendant traveled under a false name.
b. The defendant admitted to the police that he was a middleman drug dealer.
c. The defendant possessed approximately 7 times more than the amount of cocaine required for a 15 year mandatory minimum sentence. Specifically, the defendant possessed over 3,000 grams of cocaine (3 kilograms). A 15 year mandatory minimum sentence requires at least 400 grams.
The trial judge stated that he felt that the third reason was sufficient in itself to go outside the guidelines.
The first reason given by the trial court for departure from the guidelines is invalid. Use of an alias, in and of itself, does not constitute a clear and convincing reason for departure. Higgs v. State, 455 So.2d 451, 452 (Fla. 5th DCA 1984).
The second reason given for departure is likewise invalid. Although being a "middleman" is not a statutory element of the offense of drug trafficking, the activities *965 encompassed by the term are embraced within the meaning of drug trafficking as used in the statute prohibiting such activity.
Section 893.135 was enacted to assist law enforcement authorities in the investigation and prosecution of illegal drug trafficking at all levels of distribution, from the importer-organizer down to the "pusher" on the street.
State v. Benitez, 395 So.2d 514, 517 (Fla. 1981). Pastor's status as a "middleman" drug dealer, therefore, can only be properly viewed as an inherent component of the crime of trafficking in cocaine. State v. Mischler, 488 So.2d 523, 525 (Fla. 1986); Steiner v. State, 469 So.2d 179 (Fla. 3d DCA), rev. denied, 479 So.2d 118 (Fla. 1985).
The third reason given for departure involves the quantity of drugs found in Pastor's possession. The quantity of drugs has been held to be a valid basis for departure in Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986) (1952.5 grams of cocaine); Seastrand v. State, 474 So.2d 908 (Fla. 5th DCA 1985) (2,000 units of LSD); and Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985). Before a reason for departure can be held to be clear and convincing as required, however, the facts supporting the reason must be proven beyond a reasonable doubt. State v. Mischler, 488 So.2d at 525.
The testimony of the lab analyst concerning the weight of the cocaine is confusing and contradictory as to whether all six packages of the cocaine involved weighed 1337.4 grams or only two of the six packages weighed 1337.4 grams. The record does not show beyond a reasonable doubt that over 3,000 grams were involved.
Even though the clearly proven weight of 1337.4 grams of cocaine significantly exceeded the 400 grams needed for conviction, it is not certain that the trial court would have departed based on 1337 grams, as opposed to 3,000 grams. This is particularly true in light of the severity of the departure from the guidelines. Other than the asserted quantity of cocaine, there is nothing in the record to explain why a first felony offender such as Pastor should receive a maximum sentence of 30 years imprisonment. Such departure from the guidelines requires a cogent explanation.
Moreover, the trial court refused, during the sentencing hearing, to permit Pastor to present information in mitigation of his sentence on the grounds that Pastor had waived his right to a presentence investigation report. The trial court erred in foreclosing the presentation of matters relevant to the sentence. Fla.R.Crim.P. 3.720(b); State v. Scott, 439 So.2d 219 (Fla. 1983); Tuthill v. State, 478 So.2d 409 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986).
For the foregoing reasons, Pastor's conviction for drug trafficking is affirmed, and the sentence is reversed and the cause is remanded for resentencing consistent with the views expressed in this opinion.
DOWNEY and GLICKSTEIN, JJ., and GERALD T. WETHERINGTON, Associate Judge, concur.

ON MOTION FOR REHEARING AND SUPPLEMENT TO REQUEST CERTIFICATION
PER CURIAM.
We deny appellant's motion for rehearing except as to the supplement thereto wherein appellant requests that we certify the following question to the Florida Supreme Court as one of great public importance.
May the quantity of drugs involved in a crime be a proper reason to support departure from the sentencing guidelines?
We grant the request and certify that question, joining, in so doing, the First District Court of Appeal in Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986).
DOWNEY and GLICKSTEIN, JJ., and WETHERINGTON, GERALD T., Associate Judge, concur.