504 So.2d 494 (1987)
Guillermo GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1167.
District Court of Appeal of Florida, Third District.
March 24, 1987.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.

ON MOTION FOR REHEARING
BASKIN, Judge.
We grant appellant's motion for rehearing and withdraw our prior opinion rendered December 23, 1986. In its place, we issue the following opinion:
Defendant Garcia was charged with trafficking in over 400 grams of cocaine but found guilty by a jury of the lesser offense of possession of cocaine. The trial court deviated from the presumptive guidelines recommendation and sentenced Garcia to two years' imprisonment, stating:
1. The defendant was charged with Trafficking in Cocaine in excess of 400 grams. Following a jury trial he was convicted of Possession of a Controlled Substance, a lesser included offense.

*495 2. The amount of cocaine for which the defendant was convicted was one kilogram.
3. The recommended range under the sentencing guidelines is any non State prison sanction.
4. The sentencing guidelines do not take the amount of contraband into consideration. It is the feeling of the Court that the recommended sentence is insufficient for those in possession of a kilogram of cocaine.
5. The Court finds the amount of cocaine possessed by the defendant in this case is a clear and convincing reason to depart from the guidelines. The Court does hereby depart from the guidelines and sentences the defendant to two years in State prison.
6. The Court specifically states that it is not taking into consideration the fact that the defendant was charged in the information with Trafficking in Cocaine.
Garcia maintains that the trial court's sentence constitutes an improper departure from sentencing guidelines because it disregards the jury's acquittal of the trafficking charge. The state counters that the trial court's departure from sentencing guidelines is appropriate because the quantity of the drug involved exceeded the amount necessary for conviction. We agree with Garcia and remand for resentencing. The trial court's sentence violates the proscription against considering offenses for which convictions have not been obtained, see Scurry v. State, 489 So.2d 25 (Fla. 1986); Borrell v. State, 478 So.2d 1185 (Fla. 4th DCA 1985); Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983), motion denied, 446 So.2d 100 (Fla. 1984); Fla.R. Crim.P. 3.701(d)(11), and thus is not based upon clear and convincing reasons for departure.
Although the state cites Guerrero v. State, 484 So.2d 59 (Fla. 2d DCA 1986), Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986), and Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla. 1986), those authorities lend no support to the proposition that the quantity of the drug involved justifies departure. The cited cases deal with convictions for trafficking or conspiracy to traffic, not with possession of contraband. See § 893.135, Fla. Stat. (1983). Section 893.135 increases the length of a trafficking sentence in proportion to the amount of contraband involved; in the cases relied on by the state, the amount of contraband is relevant to the severity of the sentence. Defendant Garcia, however, was found guilty of possession of cocaine in violation of section 893.13, Florida Statutes (1983). Unlike section 893.135, section 893.13 omits a sentencing schedule related to the amount of contraband seized. Thus juxtaposed, the two statutory provisions indicate that the legislature did not sanction consideration of the amount of contraband as a factor in determining the extent of a sentence for possession.
For these reasons, we remand for sentencing.
HENDRY, J., concurs.
JORGENSON, J., dissents.