507 So.2d 684 (1987)
Charles KOOPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2407.
District Court of Appeal of Florida, Second District.
May 13, 1987.
Daniel M. Hernandez, of Daniel M. Hernandez, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
*685 HALL, Judge.
Appellant Charles Koopman appeals his aggravated guidelines sentences for delivery of cocaine to a minor, delivery of cocaine into the state of Florida, and possession of cocaine. He contends that the trial court did not present clear and convincing reasons for departing from the presumptive guidelines range applicable to him. We agree and reverse.
Appellant's scoresheet placed appellant in the presumptive guidelines range of 4 1/2 to 5 1/2 years' imprisonment. The trial court departed from the recommended range and sentenced appellant to a total of fifty years' imprisonment.[1] In its order of aggravating circumstances the trial court listed appellant's involvement of a child and former student, abuse of position of trust, and the amount of drugs involved as its reasons for departure. None of these reasons are clear and convincing reasons for departing from the guidelines in the instant case.
The fact that a child was involved is an inherent component of the crime of delivery of a controlled substance to a minor and therefore may not be used to justify departure. State v. Cote, 487 So.2d 1039 (Fla. 1986).
At the time of delivery of the cocaine to the minor, appellant was not the minor's teacher; in fact, appellant had resigned from his teaching position several months prior to committing the offense. Consequently, relative to the minor, appellant was not in a position of trust that he could abuse. See Ridenour v. State, 486 So.2d 635, 636 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla. 1986) (that "`defendant held position of trust at HRS'" not a valid reason for aggravation because "none of the convictions involved events that took place at an HRS facility or in the discharge of his duties or with a person under the care of HRS"); Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985) (that defendant was a teacher selling cocaine on school property was a valid reason for aggravation).
The record reveals that appellant was found to be in possession of 2 1/2 grams of cocaine and that he caused to be delivered to the minor an additional 24 grams. Although we have held that quantity of drugs is a proper circumstance to be considered in departing from a recommended guidelines sentence, Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla. 1986), we do not believe that it was properly considered in the instant case. In Irwin the appellant was convicted of conspiracy to traffic in cocaine. In the instant case appellant was convicted of possession and delivery of cocaine in an amount just less than that required for a conviction of trafficking. The minimum amount required for a conviction of trafficking in cocaine is 28 grams. Thus, possession and delivery of cocaine are offenses involving only up to 28 grams, whereas trafficking in cocaine is an offense involving 28 or more grams of the drug. § 893.135(1)(b), Fla. Stat. (1985).
While the legislature saw fit to fix the penalties for possession and delivery of cocaine regardless of amount, § 893.13(1)(e) and § 893.13(1)(d)(1), Fla. Stat. (1985), it has provided for an increase in the severity of the penalties for trafficking in cocaine according to amount. § 893.135(1)(b), Fla. Stat. (1985). The fact that neither the guidelines nor the statute making possession or delivery of cocaine a criminal offense provides for any distinction between possession or delivery of one gram or up to twenty-eight grams indicates that amount of drugs would be an invalid reason for departing from a recommended guidelines sentence for either offense. See Garcia v. State, 504 So.2d 494 (Fla. 3d DCA 1987), and Mitchell v. State, 458 So.2d 10, 13 (Fla. 1st DCA 1984) (Thompson, J., dissenting), overruled on other grounds, State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
We note that the severity of the penalties for trafficking in cocaine only increases at 200 and 400 grams. § 893.135(1)(b), Fla. *686 Stat. (1985). Because of the excessive amount of cocaine necessary before the trafficking penalty changes, this court has upheld departure sentences based on amounts of cocaine well above the threshold amounts for each penalty, especially when the amounts have been well above the 400 gram level. See Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986). In contrast, because the range in amount of cocaine involved in the offenses of possession and delivery is so narrow, the same reasoning does not apply to sentences for those offenses.
However, in view of "the diversity of views on this subject," Welker v. State, 504 So.2d 802 (Fla. 1st DCA 1987), we certify to the Florida Supreme Court the following question of great public importance as has been certified by the First District in Atwaters v. State, 495 So.2d 1219, 1221 (Fla. 1st DCA 1986), and by the Fourth District in Pastor v. State, 498 So.2d 962, 965 (Fla. 4th DCA 1986):
MAY THE QUANTITY OF DRUGS INVOLVED IN POSSESSION OR DELIVERY OF COCAINE BE USED AS A PROPER REASON TO SUPPORT A VALID DEPARTURE FROM THE SENTENCING GUIDELINES?
Reversed and remanded with directions that appellant be resentenced within the guidelines.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Appellant was sentenced to thirty years for delivery of cocaine to a minor, fifteen years for delivery of cocaine into the state, and five years for possession of cocaine. The sentences were to run consecutively.