COWART, Judge.
Defendant appeals his conviction of trafficking in cannabis in violation of sections 893.135, 893.03(l)(c), 893.13(l)(a)2., Florida Statutes (1985).
The defendant’s recommended guidelines sentence was three and one-half to four and one-half years. The trial court sentenced defendant to fifteen years’ incarceration and imposed a $25,000 fine listing as reasons for departure the quantity of cannabis involved and the defendant’s status as a drug dealer.
For the trial court to impose a heavier penalty based on the amount of drugs involved invades the province of the legislature which promulgated the statutory ranges for the quantity of proscribed substances involved in an offense[1] and is an invalid reason for departing from the recommended guidelines sentence. Koopman v. State, 507 So.2d 684 (Fla. 2d DCA 1987); Stanley v. State, 507 So.2d 1131 (Fla. 5th DCA 1987); Newton v. State, 490 So.2d 179 (Fla. 1st DCA 1986). Compare Santana v. State, 507 So.2d 680 (Fla. 2d DCA 1987); Flournoy v. State, 507 So.2d 668 (Fla. 1st DCA 1987); Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986); Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 830 (Fla.1986); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), rev. denied, 464 So.2d 556 (Fla. 1985).
This court has held the defendant’s status as a drug dealer to be a valid reason for departure from the recommended guidelines sentence on convictions of unlawful possession of controlled substances with the intent to sell or deliver. See Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986); Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984). However, Mitchell was convicted of “trafficking” in cannabis. To “traffic” in a commodity means to “deal” in it and vice versa.[2] Both terms encompass bargaining, trading, and bartering in some commodity. To deal or trade is therefore an inherent component of the crime of trafficking in a controlled substance. The statutory definition of trafficking in section 893.135(l)(a) is broader than mere possession with intent to sell or deliver, section 893.13, in that it also includes the knowing possession of an amount in excess of 100 pounds of cannabis, but not more restrictive. Therefore a defendant’s status as a “drug dealer” in a “trafficking” case is an invalid reason for departure. See Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987).
Neither of the reasons listed for departing from the recommended guidelines sentence are valid. Accordingly, we confirm the conviction, vacate the sentence, and *1373 remand for resentencing within the recommended guidelines sentence.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
UPCHURCH, C.J., and DAUKSCH, J., concur.

. § 893.135(1), Fla.Stat. (1985).

. Webster’s New Collegiate Dictionary 1229 (1979).