548 So.2d 673 (1987)
Frank Carr SMITH, III, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-3141.
District Court of Appeal of Florida, Fourth District.
October 21, 1987.
Rehearing and Rehearing Denied September 1, 1989.
Jon May and John S. Berk of John S. Berk, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee and Amy L. Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied September 1, 1989.
PER CURIAM.
AFFIRMED.
STONE, J., and BLOOM, PHILIP, Associate Judge, concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
Factually, the present case is similar to Pastor v. State, 498 So.2d 962 (Fla. 4th DCA 1986). Accordingly, I write only to point out the following:
1. It would have been helpful to have findings of fact from the trial court, as was done in State v. Kassidy, 495 So.2d 907 (Fla. 3d DCA 1986).
2. The transcript reflects that the following testimony of the only officer who testified was introduced without objection by the defense:
Q And what did Mr. Smith exactly say, as best that you can recall?
A Well, as best as I can recall, I can't recall. I can refer to the police report, and the police report is written in quotes where he said, "Sure." However, I cannot put myself back at the train station that day and remember that he said "sure."
Q So you cannot recall what Mr. Smith was 
A I remember that it was definitely a positive response or I would not have searched the bag.

Q Do you recall if Mr. Smith made any physical gesture at this time?
A I don't recall. [emphasis added.]
3. Appellant's counsel at oral argument shared with us his knowledge of procedures used in Alaska. We requested that he provide us with a copy of Stephan v. State, 711 P.2d 1156 (Alaska 1985), to which he directed our attention in order that we could share it with those reading this opinion  particularly in light of the officer's testimony in this case. The Alaska Court said:
More than five years ago, in Mallott v. State, 608 P.2d 737 (Alaska 1980), we informed Alaska law enforcement officials that "it is incumbent upon them to tape record, where feasible, any questioning [of criminal suspects,] and particularly that which occurs in a place of detention." Id. at 743 n. 5 (citation omitted). This requirement (hereinafter the Mallott rule) was again noted in S.B. v. State, 614 P.2d 786 (Alaska 1980), with the observation that an electronic record of such interviews "will be a great aid" when courts are called upon to determine "the circumstances of a confession or other waiver of [a suspect's] Miranda rights." Id. at 790 n. 9. In a third case, McMahan v. State, 617 P.2d 494 (Alaska 1980), cert denied, 454 U.S. 839, 102 S.Ct. 146, 70 L.Ed.2d 121 (1981), the recording requirement was repeated, with the further statement that "if Miranda rights are read to the defendant, this too should be recorded." 617 P.2d at 499 n. 11. Today, we hold that an unexcused failure to electronically record a custodial interrogation conducted in a place of detention violates a suspect's right to due process, under the Alaska Constitution,[1] and that any statement thus obtained is generally inadmissible.[2]
[1] Alaska Const. art. I, § 7 provides, in part: "No person shall be deprived of life, liberty, or property without due process of law."
[2] We are not alone in recognizing the importance of recording custodial interrogations. *674 See Hendricks v. Swenson, 456 F.2d 503, 506-07 (8th Cir.1972) (suggesting that videotapes of interrogations protect a defendant's rights and are a step forward in the search for truth); Ragan v. State, 642 S.W.2d 489, 490 (Tex. Crim. App. 1982) (Tex. Code Crim. Proc.Ann. art. 38.22, § 3 (Vernon 1979) requiring that oral statements of the accused during custodial interrogations must be recorded in order to be admissible); Model Code of Pre-Arraignment Procedure § 130.4 (Proposed Official Draft 1975) (requiring sound recordings of custodial interviews). See generally Kamisar, Forward: Brewer v. Williams  A Hard Look at a Discomfitting Record, 66 Geo.L.J. 209 (1977-78); Williams, The Authentication of Statements to the Police, Crim.L.Rev. 6 (Jan. 1979).
Id. at 1157-58.
* * * * * *
The court of appeals' refusal to adopt an exclusionary rule in these circumstances is perhaps due to failure on our part to adequately explain the full significance of our prior decisions. Electronic recording of suspect interrogations was described in those cases, rather ambiguously, as "part of [a law enforcement agency's] duty to preserve evidence." Mallott v. State, 608 P.2d at 743 n. 5 (citing Catlett v. State, 585 P.2d 553, 558 n. 5 (Alaska 1978)).[10] Today, we resolve that ambiguity. Such recording is a requirement of state due process when the interrogation occurs in a place of detention and recording is feasible.[11] We reach this conclusion because we are convinced that recording, in such circumstances, is now a reasonable and necessary safeguard, essential to the adequate protection of the accused's right to counsel, his right against self incrimination and, ultimately, his right to a fair trial.[12]
[10] In Catlett, we held that, because of the important due process rights involved, evidence should not be destroyed based on an investigator's evaluation of its usefulness. Instead, state investigative agencies should have standard procedures for the preservation of evidence obtained during an investigation. 585 P.2d at 558 n. 5. The destruction of photographs in Catlett did not amount to a due process infringement because the photographs would not have raised a reasonable doubt in the jurors' minds as to the defendant's guilt.
[11] Unif.R.Crim.P. 243 (Proposed Final Draft 1974) provides in pertinent part:
The information of rights, any waiver thereof, and any questioning shall be recorded upon a sound recording device whenever feasible and in any case where questioning occurs at a place of detention.
While we assume that most law enforcement agencies will employ audio or video tape recordings as the most efficient and economical means of preserving the contents of such interviews, the use of alternative methods, such as the preparation of a verbatim transcript by a certified shorthand reporter, in lieu of an electronic device, would also satisfy the requirements of state due process. Thus, "electronic" recording is not a strict requirement.
[12] The right to counsel and the right against self incrimination are both rights specifically guaranteed by the Alaska and United States Constitutions. Alaska Const. art. I, §§ 9, 11; U.S. Const. amend. V, VI and XIV.
Id. at 1159-60.