PER CURIAM.
This is an appeal of a sentence which departed from the sentencing guidelines. We reverse.
Appellant was charged with second degree felony murder (Count I); trafficking in cocaine over 400 grams (Count II); and conspiracy to traffic in cocaine over 400 grams (Count III). Pursuant to an agreement with the state, appellant pled no contest to the charge of accessory after the fact to trafficking in cocaine and the state nol-prossed Counts I and III.
The guidelines called for any non-state prison sanction and the court departed, sentencing the appellant to five years in prison. The reasons for departure given by the court were: (1) appellant’s method of providing lookout surveillance evidenced a professional manner; and (2) the volume of cocaine involved was significant in its adverse impact upon society and the recommended guidelines range was inadequate *1069 for purposes of punishment as it applies to this case.
Without appellant’s statements made to police, there was no factual basis for reason number one. Appellant’s statements can not be used to provide such a factual basis, because they were induced by the policemen’s promises that they would not be used against appellant. See Henthome v. State, 409 So.2d 1081 (Fla. 2d DCA 1982). Therefore, reason number one is an invalid reason for departure. See Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986).
Reason number two is also invalid. The quantity of drugs does not relate to the crime for which appellant was convicted. See Garcia v. State, 504 So.2d 494 (Fla. 3d DCA 1987). Moreover, neither an adverse impact upon society nor the inadequacy of the recommended guidelines range are valid reasons for departure. See Smith v. State, 484 So.2d 649 (Fla. 4th DCA 1986); Baldwin v. State, 494 So.2d 503 (Fla. 4th DCA 1986).
Accordingly, we reverse and remand for resentencing within the guidelines.
HERSEY, C.J., and DOWNEY and WALDEN, JJ., concur.