518 So.2d 979 (1988)
Eduardo BERRIO, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2453.
District Court of Appeal of Florida, Second District.
January 22, 1988.
*980 Melvyn Kessler of Law Offices of Melvyn Kessler, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant, Eduardo Berrio, appeals his convictions and sentences for trafficking and conspiracy to traffic in cocaine. We affirm the separate convictions and sentences; however, we remand for resentencing because we find only one of the four reasons for departure to be valid.
On April 5, 1986, Carlos Ramirez, a confidential informant, introduced the appellant to DEA Agent Richard Crawford in Tampa. Appellant agreed to supply a large quantity of cocaine to Crawford, who told appellant that he wanted the exchange to take place at a warehouse near a small airport. They met at the warehouse later that day, were joined by Sgt. Hill, and then flew together to Miami. Appellant revealed that he transported cocaine through Mexico into Texas and California because of the police activity in Miami. He also said he had a ranch near El Paso where he could arrange for a 500 kilogram shipment. He told the officers that he was willing to sell the cocaine for $23,000 per kilo.
Upon arrival in Miami, appellant made a call from a pay phone. He then told Crawford, Hill and the pilot, who were preparing to return to Tampa, that he had twenty kilos available and would try to get the rest by the following day.
On Monday, April 7, appellant called Crawford from Miami and said he was sending a delivery person named Fernando to Tampa with fourteen kilos. Appellant did not use the word cocaine but substituted "forms" instead. Shortly after 10:00 p.m. that same day Crawford received a call from Fernando Boom who said he was lost. Crawford gave him directions and notified appellant at a pay phone in Miami. Crawford then arranged to meet Fernando Boom at the warehouse.
On arrival, Boom was driving a blue Ranchero with his wife, child, and fourteen kilos of cocaine inside. Boom removed the fourteen packages from behind the seat, and he and Crawford again discussed price. Crawford asked Boom to wait while he called appellant in Miami to confirm the price. While Crawford was speaking with the appellant, agents arrested Boom. Surveillance agents in Miami were notified immediately and arrested appellant in the vicinity of the pay phone. Appellant was subsequently charged with trafficking in over 400 grams of cocaine and with conspiracy to traffic in cocaine.
At the trial, the state argued that the appellant had arranged the delivery of cocaine by Boom. A jury found appellant guilty on both counts, and the court sentenced appellant immediately after the verdict without a presentence investigation report. The court sentenced appellant to consecutive thirty year sentences and ordered the fifteen year minimum mandatory on each count to run consecutive to the other.
The court articulated the following reasons for exceeding the guideline sentence:
1. The excessive amounts of the cocaine involved, and its street value,
2. the conspirators' callous disregard for the safety and well-being of Boom's wife and infant in using them as a "cover,"
3. the defendant's pattern and history of cocaine dealing, and
4. the evidence at trial of defendant's ability to supply even larger amounts of cocaine.
Appellant contends that the trial court erred in sentencing him to consecutive mandatory minimum sentences for the same criminal episode as prohibited in Palmer v. State, 438 So.2d 1 (Fla. 1983). In Palmer, the offenses derived from a single act in which one gun was used to rob multiple victims at the same time and place. Where two offenses take place independently, consecutive mandatory minimum sentences have been upheld. Murray v. State, 491 So.2d 1120 (Fla. 1986). For *981 example, in State v. Ames, 467 So.2d 994 (Fla. 1985), consecutive mandatory sentences for robbery and sexual battery were upheld based on the trial court's finding that the robbery and sexual battery were separate crimes.
Here, the offenses were sufficiently separate in time and place to warrant imposition of separate sentences. The conspiracy was underway long before there was possession of the cocaine. The legislature contemplated that both trafficking and conspiracy were to be punished severely and could be punished separately. See §§ 893.135, 921.16(1), Fla. Stat. (1985). Therefore, the trial court was justified in the imposition of consecutive mandatory minimum sentences.
Appellant next contends that the reasons given for departure are invalid. Evidence in this case indicates that fourteen kilograms of ninety per cent pure cocaine with a market price of $23,000 per kilogram were delivered to undercover agents. We find, on these facts, that the excessive amount of cocaine and its street value is a valid reason for departure. Pursell v. State, 483 So.2d 94 (Fla.2d DCA 1986); Irwin v. State, 479 So.2d 153 (Fla.2d DCA 1985). We agree with appellant that the remaining reasons for departure are invalid.
Because we are unable to determine beyond a reasonable doubt that the court would have imposed the same sentence in the absence of the invalid reasons, we are compelled to remand for resentencing in accordance with Albritton v. State, 476 So.2d 158 (Fla. 1985).
We have considered appellant's remaining points on appeal and find them to be without merit. Therefore, we reverse appellant's sentence and remand for resentencing. We affirm the convictions in all other aspects.
DANAHY, C.J., and SCHOONOVER, J., concur.