HALL, Judge.
Carlos Braxton appeals from his conviction and sentence for possession of cocaine. We affirm the appellant’s conviction but reverse and remand for resentencing within the sentencing guidelines.
The appellant was apprehended after attempting to flee from the police. During the chase he was seen carrying a bag, later found in the immediate area, which contained sixty-eight smaller bags of cocaine. He was arrested and charged with possession of cocaine, a third degree felony, under section 893.13(l)(e), Florida Statutes (1985). A jury found him guilty as charged. The trial court exceeded the presumptive guidelines sentence of any non-state prison sanction and sentenced him to five years in prison, the statutory maximum. In its written reasons for departure the trial court stated that departure was warranted because of the amount of drugs involved and because “the defendant is a threat to society from which society needs protection.”
We find no merit in the appellant’s first contention that there was insufficient evidence to prove that he was in possession of cocaine, but we agree with his second contention that the trial court’s reasons for departure from the sentencing guidelines are impermissible.
The trial court’s reason that the appellant is a threat to society is invalid under the facts of this case. Martinez-Diaz v. State, 484 So.2d 633 (Fla. 2d DCA 1986); Scott v. State, 484 So.2d 100 (Fla. 1st DCA 1986).
The trial court’s reason involving the amount of drugs has been held by this court to be a valid reason for departure in trafficking or conspiracy to traffic in contraband cases. See e.g., Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla.1986). Section 893.135, Florida Statutes (1985), the trafficking statute, increases the length of a sentence in proportion to the amount of drugs. However, the appellant was convicted of possession of cocaine under section 893.13(l)(e) which does not contain a sentencing schedule related to the amount of drugs. A comparison of the two statutes indicates that the legislature did not intend for the amount of drugs to be a factor in determining the extent of a sentence for possession. Garcia v. State, 504 So.2d 494, 495 (Fla. 3rd DCA 1987); Koop-man v. State, 507 So.2d 684 (Fla. 2d DCA 1987). Cf. Mitchell v. State, 509 So.2d 1371 (Fla. 5th DCA 1987). Therefore, the amount of drugs is an invalid reason for exceeding the guidelines.
However, as we stated in Koopman, we recognize the conflict in opinion on the validity of the latter reason and, accordingly, certify to the Florida Supreme Court the following question of great public importance:
MAY THE QUANTITY OF DRUGS INVOLVED IN POSSESSION OR DELIVERY OF COCAINE BE USED AS A PROPER REASON TO SUPPORT A VALID DEPARTURE FROM THE SENTENCING GUIDELINES?
Reversed and remanded with directions that the appellant be resentenced within the guidelines.
CAMPBELL, A.C.J., and FRANK, J., concur.