KOGAN, Justice.
Jose Pastor petitions this Court to review his sentence for trafficking in cocaine. The Fourth District Court of Appeal, Pastor v. State, 498 So.2d 962 (Fla. 4th DCA 1986), certified to this Court the following question of great public importance:
May the quantity of drugs involved in a crime be a proper reason to support departure from the sentencing guidelines?
Id. at 965. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Because of our recent decision in Atwaters v. State, 519 So.2d 611 (Fla.1988), we answer the certified question in the negative and quash the decision of the district court.
Pastor was convicted of trafficking in cocaine and sentenced to 30 years imprisonment, a departure over the 15 year mandatory minimum sentence specified in the sentencing guidelines. The trial court gave the following reasons for departure:
a.The defendant traveled under a false name.
b. The defendant admitted to the police that he was a middleman drug dealer.
c. The defendant possessed approximately 7 times more than the amount of cocaine required for a 15 year mandatory minimum sentence. Specifically, the defendant possessed over 3,000 grams of cocaine (3 kilograms). A 15 year mandatory minimum sentence requires at least 400 grams.
498 So.2d at 964. The district court correctly invalidated the first two reasons for departure, upheld the remaining reason regarding the amount of cocaine Pastor possessed, but reversed the sentence because there was insufficient evidence on the record to support that reason. On motion for rehearing, the district court certified the question stated above for this Court’s consideration.
In Atwaters v. State, supra, we held that “the quantity of drugs involved in a crime may not be utilized as a proper reason to support departure from the sentencing guidelines.” 519 So.2d at 612. We reasoned that because the legislature used the quantity of drugs to determine the offense for which a defendant may be convicted based on that quantity, it would be duplicitous to further base a sentence on that quantity. Moreover, to do so improperly “invades the province of the legislature which promulgated the statutory ranges for the quantity of proscribed substances involved in an offense.” Banks v. State, 509 So.2d 1320, 1321 (Fla. 5th DCA 1987) (footnote omitted). As in Atwaters, we find this reasoning persuasive.
Accordingly we answer the certified question in the negative, quash that portion of the district court’s opinion dealing with quantity of narcotics as a reason for sentence departure, approve the remainder of the opinion, and remand this case for resen-tencing consistent with this opinion.*
It is so ordered.
*1081 MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.

 Pastor, in his brief, raises issues concerning the suppression of evidence, the denial of a motion for continuance, and improper prosecutorial comment. We believe that the district court adequately addressed these issues on appeal, and, accordingly, we decline to review that decision beyond the scope of the certified question.