538 So.2d 476 (1989)
Fernando BOOM, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2452.
District Court of Appeal of Florida, Second District.
January 20, 1989.
Rehearing Denied February 27, 1989.
*477 James Marion Moorman, Public Defender, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Fernando Boom, was tried for and convicted of trafficking in cocaine and conspiracy to traffic in cocaine. He received consecutive sentences of thirty years incarceration with a fifteen-year minimum mandatory sentence on each count. The sentences were in excess of the guidelines presumptive range of five and one-half to seven years. Boom raises two points: that the departure reasons were invalid and that the consecutive minimum mandatory sentences are improper.
All of the departure reasons are invalid. The trial court relied upon the quantity of drugs, contrary to Atwaters v. State, 519 So.2d 611 (Fla. 1988); Boom's post-conviction refusal to cooperate, invalidated by Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985); and the presence of his wife and infant child at the scene of the cocaine delivery. The last reason, we note, was condemned in Boom's codefendant's appeal. Berrio v. State, 518 So.2d 979 (Fla. 2d DCA 1988). Despite the state's urging, we can draw no valid distinction between the present matter and the result reached in Berrio. Because the departure grounds are insufficient, the trial court on remand must conform Boom's sentence to the prescription of rule 3.701(d)(9) of the Florida Rules of Criminal Procedure, i.e., the mandatory sentences take precedence over the guidelines. Vanover v. State, 498 So.2d 899 (Fla. 1986).
Boom has also challenged the stacking of the minimum mandatory sentences on the ground that his participation in the conspiracy and in trafficking constituted one uninterrupted transaction. Thus, he contends, based upon Palmer v. State, 438 So.2d 1 (Fla. 1983), that the imposition of consecutive minimum mandatory sentences for the same criminal episode is improper. We reject Boom's argument for the same reasons we relied upon in reversing the sentence imposed upon his codefendant:
Here, the offenses were sufficiently separate in time and place to warrant imposition of separate sentences. The conspiracy was underway long before there was possession of cocaine. The legislature contemplated that both trafficking and conspiracy could be punished severely and could be punished separately. See §§ 893.135, 921.16(1), Fla. Stat. (1985). Therefore, the trial court was justified in the imposition of consecutive mandatory minimum sentences.
Berrio v. State, 518 So.2d at 981.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.
DANAHY, A.C.J., and HALL, J., concur.