541 So.2d 706 (1989)
Joseph D'ANGELO, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0390.
District Court of Appeal of Florida, Fourth District.
March 29, 1989.
Rehearing and Rehearing Denied May 4, 1989.
Daniel S. Carusi, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied May 4, 1989.
DOWNEY, Judge.
Appellant seeks reversal of his conviction and sentence for trafficking in cocaine. He attacks his conviction on double jeopardy grounds, which we reject. The mistrial declared in his first trial was based upon appellant's motion therefor and has not been shown to be the result of prosecutorial misconduct.
The departure sentence imposed was based upon three grounds, two of which were invalid, i.e., the quantity of drugs involved, Pastor v. State, 521 So.2d 1079 (Fla. 1988), and the effect of the distribution of large amounts of drugs on society, Platt v. State, 515 So.2d 1068 (Fla. 4th DCA 1987). The third ground, that the crime was committed in a well organized and professional manner, is a valid reason for departure. Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987). However, we are unable to conclude beyond a reasonable doubt that the trial judge would have imposed the same sentence absent the two invalid grounds as required by Albritton v. State, 476 So.2d 158 (Fla. 4th DCA 1985), which decision is applicable to this case as the crime predates the 1987 amendment in Chapter 87-110 to section 921.001(5), Florida Statutes. State v. McGriff, 537 So.2d 107 (Fla. 1989.)
Accordingly, we affirm the conviction and reverse the sentence, and remand the cause for resentencing as the trial court may be advised.
DELL and WARNER, JJ., concur.