HARDING, Justice,
dissenting.
I dissent. The majority cites Wilson and Davis where this Court rejected the use of familial trust as a basis for departure in crimes of violence against family members. Based upon these two cases and the instant case, the majority is taking an unduly restrictive position toward departure for abuse of trust in a family relationship where an act of violence is involved.
In contrast, this Court has approved departure for abuse of trust for property crimes which did not involve family members. See Davis, 517 So.2d at 673-674 (citing with approval Hankey v. State, 485 So.2d 827 (Fla.1986) (burglary victim gave defendant job, entrusted him with key to fulfill duties, and defendant abused position by using key to enter place of business after hours to steal money and items of value) and citing Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985) (teacher abused position of trust by selling cocaine *586 on school property)). As characterized by this Court, each of these cases involved a crime which “was directly related to the trust conferred on the defendant and the trust was the factor that made possible the commission of the crime.” Davis, 517 So.2d at 674.
In the instant case, the record contains evidence that Barnes abused his familial trust in committing this crime. Barnes lured his wife home from work by instructing his twelve-year-old stepson to call her at work and tell her that their home had been burglarized. When the wife arrived home, Barnes attempted to kill her; however, the gun misfired four times. In direct contrast to the circumstances in Davis, it was the particular trust bestowed on Barnes by his wife and stepson that formed the foundation of this crime. This is precisely the circumstance that creates a clear arid convincing reason for departure. I would approve the decision below which upholds the departure sentence.
GRIMES, J., concurs.