COWART, Judge.
The defendant was charged and convicted of conspiracy to traffick in cocaine (§ 777.04(3), Fla.Stat.), the offense occurring sometime between August 29, 1989 and August 31, 1989 and trafficking in cocaine (§ 893.135(1)(b)3, Fla.Stat.)[1], the offense occurring on August 31, 1989, and was sentenced on the trafficking count to seven years incarceration concurrent with the sentence on the conspiracy count and with a three year mandatory minimum sentence under section 893.135(1)(b)1, to run consecutive to a mandatory minimum sentence on the conspiracy count and sentenced to seven years incarceration on the conspiracy count concurrent to the seven year sentence on the trafficking count with *335 a three year mandatory minimum to run consecutive to the three year mandatory minimum on the trafficking count.
The defendant appeals, contending the trial court erred in imposing consecutive mandatory minimum sentences on the trafficking and on the conspiracy charges, citing Palmer v. State, 438 So.2d 1 (Fla.1983), alleging both charges arose out of the same event or episode.
Stacking of consecutive mandatory minimum sentences is permissible for conspiracy and trafficking convictions where the conspiracy is distinct and separate from the trafficking. Brothers v. State, 577 So.2d 701 (Fla. 4th DCA 1991), cause dis’m., 582 So.2d 622 (Fla.1991); Berrio v. State, 518 So.2d 979 (Fla. 2d DCA 1988); Boom v. State, 538 So.2d 476 (Fla. 2d DCA 1989). Compare, Peoples v. State, 576 So.2d 783 (Fla. 5th DCA 1991), jurisdiction accepted, 583 So.2d 1036 (Fla.1991) (consecutive mandatory minimum sentences reversed on conspiracy and trafficking charges where offenses could not be distinguished and arose from a single continuous episode); Short v. State, 572 So.2d 1007 (Fla. 3d DCA 1991) (consecutive mandatory minimum sentences reversed where conspiracy and trafficking charges arose out of same episode); and Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987) (trafficking and conspiracy arose from a single transaction).
In the instant case the offenses of trafficking and conspiracy were sufficiently separate in time to warrant imposition of consecutive mandatory minimum sentences. The legislature contemplated that both trafficking and conspiracy were to be punished severely and could be punished separately. See Sections 893.135, 921.16(1), Florida Statutes, and Berrio at 980.
AFFIRMED.
PETERSON and DIAMANTIS, JJ., concur.

. The defendant was originally charged with trafficking in cocaine in the amount of more than 28 grams but less than 200 grams (§ 893.-135(l)(b)l, Fla.Stat.). The plea colloquy reflects this charge. The judgment and sentence incorrectly show a conviction for trafficking in cocaine in an amount greater than 400 grams (§ 893.135(l)(b)3, Fla.Stat.). However, the sentence imposed on this charge was within the statutory maximum for a violation as charged under section 893.135(l)(b)l, Florida Statutes.