515 So.2d 396 (1987)
William N. VICKERY, Appellant,
v.
STATE of Florida, Appellee.
No. BP-353.
District Court of Appeal of Florida, First District.
November 13, 1987.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of consecutive mandatory minimum sentences which were imposed pursuant to section 893.135, Florida Statutes, for trafficking in cocaine, conspiracy to traffic in cocaine, and conspiracy *397 to traffic in cannabis. Because the cocaine offenses constituted a single criminal episode and were neither separate nor distinct, consecutive mandatory minimum sentences should not have been imposed for both of these offenses.
In accordance with a prior arrangement appellant and two companions were met by undercover law enforcement personnel for a cocaine transaction at a motel. Negotiations occurred in the motel parking lot and the participants consummated the transaction inside a motel room. Plans were also made for a later cannabis transaction. Appellant and his companions were arrested and after a jury trial appellant was convicted of conspiracy to traffic in cannabis and both trafficking and conspiracy to traffic in cocaine. Consecutive mandatory minimum sentences were imposed pursuant to section 893.135, Florida Statutes, for each offense.
In Palmer v. State, 438 So.2d 1 (Fla. 1983), the Florida Supreme Court declined to permit consecutive mandatory minimum sentences for multiple offenses which occurred during a single criminal episode. The court later indicated in State v. Enmund, 476 So.2d 165 (Fla. 1985), that consecutive mandatory terms may be imposed for multiple offenses which are separate and distinct. See also, Murray v. State, 491 So.2d 1120 (Fla. 1986); State v. Thomas, 487 So.2d 1043 (Fla. 1986); compare Wilson v. State, 467 So.2d 996 (Fla. 1985); State v. Ames, 467 So.2d 994 (Fla. 1985). While these cases addressed the imposition of mandatory minimum sentences for the possession of a firearm during the commission of a felony, the rationale expressed is likewise applicable to mandatory minimum sentences imposed pursuant to section 893.135 for trafficking in contraband narcotics. We find that the cannabis offense in the present case is sufficiently separate and distinct from the other offenses to permit a consecutive mandatory term of imprisonment. However, the offenses of trafficking and conspiracy to traffic in cocaine arose from a single transaction involving the same contraband. These offenses were not sufficiently distinct to permit consecutive mandatory sentences. In accordance with Palmer, supra, the mandatory minimum sentences for the cocaine offenses should be concurrent.
The consecutive mandatory minimum sentences for the cocaine offenses are hereby vacated. The orders appealed are otherwise affirmed and the cause is remanded.
SMITH, C.J., and JOANOS, J., concur.