PER CURIAM.
Appellant, Eduardo Berrio, argues that the trial court erred when, on remand following appeal, it sentenced him to two consecutive fifteen-year minimum mandatory terms. We disagree and affirm. We write to clarify any misinterpretations that might be given our earlier opinion in this case, Berrio v. State, 518 So.2d 979 (Fla. 2d DCA 1988) (Berrio I).
The facts, as taken from our Berrio I opinion, show that Berrio was introduced to a confidential informant and DEA agent, Richard Crawford, in Tampa, on April 5, 1986. Berrio agreed to supply a large quantity of cocaine to Crawford and Crawford, Berrio and Sergeant Hill flew to Miami together later that day. Berrio revealed that he transported cocaine through Mexico into Texas and California because of police activity in Miami. He said he had a ranch near El Paso where he could arrange for a *111 500 kilogram shipment, and that he would sell the cocaine for $23,000 per kilo.
When the three arrived in Miami, Berrio made a call from a pay phone and told Crawford, Hill and the pilot, who were returning to Tampa, that he had twenty kilos available and would try to get the rest by the next day.
On April 7, Berrio called Crawford from Miami and said he was sending a delivery person named Fernando to Tampa with fourteen kilos. Shortly after 10:00 p.m. that evening, Crawford received a call from Fernando Boom saying he was lost. Crawford gave him directions and notified Ber-rio at a pay phone in Miami. Crawford arranged to meet Boom at the warehouse.
Boom arrived in a car with his wife, child and fourteen kilos of cocaine. Boom removed the cocaine and discussed price with Crawford. While Boom waited for Crawford to talk to appellant, agents arrested Boom. Appellant was arrested near the pay phone in Miami and was subsequently charged with trafficking in over 400 grams of cocaine and with conspiracy to traffic in cocaine.
The jury found appellant guilty on both counts. The court sentenced appellant, without a presentence investigation report, to two consecutive thirty-year sentences, with the fifteen-year minimum mandatory on each to run consecutive to the other. The court gave the following four reasons for exceeding the guideline sentence: (1) The excessive amounts of the cocaine involved and its street value; (2) the conspirators’ callous disregard for the safety and well-being of Boom’s wife and infant in using them as a “cover;” (3) the defendant’s pattern and history of cocaine dealing and; (4) the evidence at trial of defendant’s ability to supply even larger amounts of cocaine.
On appeal, this court held that the trial court was justified in imposing consecutive minimum mandatory sentences because the offenses were sufficiently separate in time and place to warrant imposition of separate sentences. Berrio, 518 So.2d at 981. Although the supreme court in Atwaters v. State, 519 So.2d 611 (Fla.1988) has since rejected it as a valid reason for departure, this court in Berrio 1 found that although the excessive amount of cocaine and its street value were valid reasons for departure, the remaining reasons for departure were invalid. Because this court was unable to determine beyond a reasonable doubt that the trial court would have imposed the same sentence in the absence of invalid reasons, this court remanded for resentencing in accord with Albritton v. State, 476 So.2d 158 (Fla.1985).
, On remand, the trial court, over defense counsel’s objections, resentenced appellant to two fifteen-year minimum mandatory sentences consecutive.
Appellant argues that under Palmer v. State, 438 So.2d 1 (Fla.1983), the trial court erred when it imposed consecutive fifteen-year minimum mandatory sentences for trafficking in cocaine and conspiracy to traffic in cocaine. We disagree.
First, the court in Palmer did not prohibit consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places. We believe that to be the case here. The conspiracy to traffic was much broader in scope (500 kilograms from Texas, Mexico and California) than the actual trafficking (14 kilograms in Miami). We conclude that the conspiracy offense and the trafficking offense arose from separate incidents occurring at separate times and places. They were not one single criminal episode. Thus, the sentence here, imposing consecutive minimum mandatory sentences for different offenses, does not violate Palmer.
Second, appellant correctly points out that this court in Berrio I, misspoke when it stated that State v. Ames, 467 So.2d 994 (Fla.1985) upheld the consecutive three-year mandatory firearm sentences in that case. However, the Ames court did approve the imposition of such consecutive minimum mandatory sentences when the offenses arise from separate incidents, the situation that was of concern to us in Ber-rio I. Moreover, the Ames court also approved the validity of the underlying consecutive sentences for the primary offenses *112 of sexual battery, burglary and robbery. The primary offenses in the instant case are trafficking and conspiracy. The trial court correctly ordered that appellant’s sentences for his primary offenses, even though they are mandatory sentences, be served consecutively because we have determined that there was sufficient separation in the offenses to warrant such sentences.
In this respect, we believe that Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987) and Murray v. State, 516 So.2d 79 (Fla. 1st DCA 1987), may be distinguished because here, unlike in those cases, the conspiracy and the trafficking involved differences in time and places of occurrence and amounts of cocaine so that the two did not constitute a single criminal episode.
CAMPBELL, C.J., and SCHOONOVER and PARKER, JJ„ concur.