572 So.2d 1007 (1991)
William SHORT, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2820.
District Court of Appeal of Florida, Third District.
January 2, 1991.
Mark King Leban, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before JORGENSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
William Thomas Short appeals his conviction and sentence for conspiracy to traffic in cocaine and trafficking in cocaine. We affirm the judgments of conviction. However, for the following reasons, we reverse the consecutive mandatory minimum sentences and the order taxing costs against the defendant and remand for entry of a corrected sentence.
Because the offenses of trafficking and conspiracy to traffic in cocaine arose from a single criminal episode involving the same contraband, the offenses were "not sufficiently distinct to permit consecutive mandatory sentences." Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987), citing Palmer v. State, 438 So.2d 1 (Fla. 1983). See McGouirk v. State, 493 So.2d 1016 (Fla. 1986) (consecutory mandatory minimum sentences improper for crimes arising out of single criminal episode). Compare Berrio v. State, 538 So.2d 110 (Fla. 2d DCA 1989) (consecutive mandatory minimum sentences proper for conspiracy to traffic and trafficking in cocaine where conspiracy was much broader in scope, occurred at separate time, and was not part of same criminal episode). The state's reliance on section 775.021(4)(a), Florida Statutes (Supp. 1988), which permits consecutive sentences for separate offenses is misplaced. The mandatory sentence imposed by section 893.135, Florida Statutes (1987), takes precedence where, as here, the recommended sentence is less than the mandatory penalty. See Fla.R.Crim.P. 3.701(d)(9). *1008 There is nothing in Section 893.135 which requires imposition of consecutive minimum mandatory sentences.
The trial judge likewise erred in taxing costs against the indigent defendant without notice. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Accordingly, the consecutive mandatory minimum sentences and the order taxing costs are vacated, and the cause is remanded for resentencing. In all other respects, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.