SCHEB, Acting Chief Judge.
The defendant, Gerald Wayne Bunney, was convicted after a jury trial, of first degree murder and kidnapping. These offenses occurred on September 23, 1988. For the murder, he was sentenced to life imprisonment with a mandatory sentence of 25 years. For the kidnapping, he was sentenced to a consecutive term of life imprisonment, an upward departure from the recommended guidelines sentence of five and one-half to seven years. We affirm his convictions and sentences.
On appeal, the defendant raises four points, only two of which merit discussion. First, he challenges the trial court’s refusal to allow into evidence testimony regarding an alleged epileptic condition. We think that in the absence of a plea of insanity from the defendant, the trial court properly excluded the testimony under Chestnut v. State, 538 So.2d 820 (Fla.1989).
Second, the defendant contends that the trial court erred in imposing a departure sentence for the kidnapping conviction. The trial judge scored twenty-four points for death or severe injury. He then departed from the recommended range, giving as his reason that “the scoresheet *881 fails to take into consideration defendant also stands convicted of murder in the first degree arising out of the same criminal episode.” The defendant argues that this was error because the trial judge departed based on a consideration already factored into the presumptive sentence. We disagree.[1]
Hansbrough v. State, 509 So.2d 1081 (Fla.1987), and Livingston v. State, 565 So.2d 1288 (Fla.1988), hold that a contemporaneous conviction of an unscored capital felony is a valid reason for departure. We recognize that those decisions preceded the 1987 amendment which states that victim injury during a criminal episode or transaction is scoreable for offenses occurring after July 1, 1987. Florida Rules of Criminal Procedure re Sentencing Guidelines Rules (3.701 and 3.988), 509 So.2d 1088 (Fla.1987). Nevertheless, we find Hans-brough and Livingston controlling.
Accordingly, we affirm the defendant’s convictions and sentences. However, we certify the following question to the supreme court as one of great public importance:
IN SENTENCING FOR A FELONY WHERE THERE IS A CONTEMPORANEOUS CONVICTION OF AN UNS-CORED CAPITAL FELONY, IS IT PROPER TO DEPART BASED ON THE DEFENDANT’S CAPITAL CONVICTION WHEN THE APPLICABLE GUIDELINES PROVIDE THAT VICTIM INJURY IS SCOREABLE?
FRANK and PATTERSON, JJ., concur.

. Under the interpretation urged by the defendant, an anomalous result could occur. For example, if defendant had been convicted of second degree rather than capital murder, his scoresheet on the kidnapping offense would include points for "victim injury or death,” thereby resulting in his receiving a longer sentence than if he had been convicted of capital murder.