THREADGILL, Judge.
The appellant challenges his sentences for trafficking in cocaine and conspiracy to traffic in cocaine. He argues the trial court erred in imposing three-year minimum mandatory sentences on each offense to run consecutively. We agree and reverse.
The appellant pleaded guilty and received concurrent sentences of twenty-five years’ imprisonment each for trafficking in cocaine and conspiracy to traffic in cocaine. The trial court imposed a three-year minimum mandatory term on each sentence, pursuant to section 893.-135(l)(b)l.a., Florida Statutes (Supp.1990), with the minimum mandatory term on the conspiracy offense to run consecutively to the minimum mandatory term on the trafficking offense.
The instant offenses were based upon a single transaction involving the same quantum of contraband. Consecutive minimum mandatory sentences may not be imposed when the multiple offenses for which the sentences are imposed are committed during a single continuous episode. Palmer v. State, 438 So.2d 1 (Fla.1983); Peoples v. *25 State, 576 So.2d 783 (Fla. 5th DCA 1991), decision approved, 612 So.2d 555 (Fla. 1992); Hernandez v. State, 556 So.2d 767 (Fla. 2d DCA 1990). Accordingly, the minimum mandatory terms imposed in this case must be served concurrently.
We therefore reverse and remand for the trial court to impose concurrent minimum mandatory terms. The appellant does not need to be present.
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.