630 So.2d 1237 (1994)
Todd Fitzgerald FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01779.
District Court of Appeal of Florida, Second District.
January 28, 1994.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Todd Fitzgerald Frazier seeks review of the final judgment and departure sentence imposed for his conviction of trafficking in cocaine, conspiracy to traffic in cocaine and possession of marijuana. Frazier raises four points on appeal. We agree that the trial court erred in stacking consecutive mandatory-minimum sentences, but otherwise affirm.
He first argues that the thirty-year sentences imposed consecutively for each of the cocaine offenses were improperly stacked. Because of the similarity in time, place and amounts of cocaine, the facts show the same criminal episode. Although this court has held in Berrio v. State, 538 So.2d 110 (Fla.2d DCA 1989), that consecutive mandatory-minimum sentences could be imposed for conspiracy to traffic in cocaine and actual trafficking in cocaine, there the conspiracy to traffic was much broader in scope, occurred at a separate time and was not part of the same criminal episode. These facts are not present here. This case is more similar to Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987). We therefore reverse the consecutive sentences for the trafficking convictions and remand for resentencing.
Frazier also contends that the trial judge erred in departing from the sentencing guidelines. At least two of the judge's ten reasons for departure are valid; a past failure at rehabilitation and an escalating pattern of criminality. See Livingston v. State, 565 So.2d 1288 (Fla. 1990); Bunney v. State, 579 So.2d 880 (Fla.2d DCA 1991). "When multiple reasons exist to support a departure from a guidelines sentence, the departure *1238 shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure." § 921.001(5), Fla. Stat. (1991). Thus, we affirm the departure sentence.
Frazier's third point on appeal challenges the sufficiency of the amount of cocaine to support the "trafficking" amount of twenty-eight grams. The evidence amply supports, by witness testimony and Frazier's admission, quantities of cocaine in excess of twenty-eight grams. We affirm on this point.
Lastly, appellant argues that the evidence was insufficient to prove conspiracy. In light of all the evidence to the contrary, we are not persuaded by the argument that his admission to possession of an ounce of cocaine during negotiations with the confidential informant were hyperbole. Moreover, this argument was not preserved for review. See Tillman v. State, 471 So.2d 32 (Fla. 1985).
Affirmed in part, reversed in part and remanded for resentencing.
HALL, J., and REESE, THOMAS S., Associate Judge., concur.