GERSTEN, Judge.
Appellant, Julio Cesar Bedoya (defendant), appeals his convictions and sentences for trafficking and conspiracy to traffic in cocaine. We affirm.
The defendant and four others were charged in a single information involving a drug importation scheme. The investigation arose when a confidential informant introduced co-defendant Virgil Perez-Gonzalez to an undercover detective posing as a customs broker and a customs agent.
The defendant was involved in a plan with the other co-defendants where they would smuggle cocaine in a hidden compartment inside a shipping container filled with legal merchandise. Under this plan, a series of transactions would take place in the future.
They put the scheme into effect when the defendant and Perez-Gonzalez traveled to Colombia to fill a hidden compartment in the container with cocaine. The container was then shipped back to Miami with a note on *204 the bill of lading indicating that the wrong merchandise was shipped. Thereafter, the defendant and Perez-Gonzalez met at a warehouse, inspected the shipment and made arrangements to transport some of the cocaine to Boston.
At a subsequent meeting, the defendant handed the detective a bag of money. In exchange, the detective gave the defendant keys to the vehicle containing the cocaine. The defendant and the co-defendants were then arrested.
At trial, the defendant testified that he believed he was working as a confidential informant for Perez-Gonzalez. Defendant claimed that he believed Perez-Gonzalez was a police officer involved in an undercover investigation the police were conducting in Boston. According to the defendant, Perez-Gonzalez offered to pay him for his services, including his expenses incurred while traveling to Colombia. Throughout the conspiracy, the defendant claimed that because he believed he was working as a police informant for Perez-Gonzalez, he did not know that he was committing a crime. Indeed, the undercover detective testified that when Perez-Gonzalez was arrested, he possessed a police identification and badge.
During the charge conference, defense counsel requested a special jury instruction on a “mistake of fact” defense. The trial court denied the request. After the case was submitted to the jury, they found the defendant guilty as charged. The trial court imposed two consecutive fifteen year mandatory minimum sentences pursuant to section 893.135, Florida Statutes (1991).
Defendant raises two issues worthy of discussion. First, he contends that the trial court committed reversible error by failing to give his requested jury instruction on a “mistake of fact” defense where there was evidence supporting that defense. The second issue concerns the propriety of stacking the consecutive mandatory minimum sentences.
The law is clear that a defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence supporting the instruction. Savage v. State, 588 So.2d 975, 979 (Fla.1991), cert. denied, — U.S. —, 112 S.Ct. 1493, 117 L.Ed.2d 634 (1992); Campbell v. State, 577 So.2d 932, 935 (Fla.1991); Robinson v. State, 574 So.2d 108 (Fla.), cert. denied, — U.S. —, 112 S.Ct. 131, 116 L.Ed.2d 99 (1991).
However, the court should not give instructions which are confusing, contradictory or misleading. Butler v. State, 493 So.2d 451 (Fla.1986); Finch v. State, 116 Fla. 437, 156 So. 489 (1934).
The trial court denied defense counsel’s request to give the following special instruction on the “mistake of fact” defense:
If you have a reasonable doubt as to whether the defendant acted in good faith, sincerely believing himself to be assisting law enforcement, then he did not intentionally violate a known legal duty; that is he did not act “willfully”, and that essential part of the offense would not be established.
The instruction requested by defense counsel was drawn from United States v. Anderson, 872 F.2d 1508, 1518 n. 14 (11th Cir.), cert. denied, 493 U.S. 1004, 110 S.Ct. 566, 107 L.Ed.2d 560 (1989). Anderson claimed he mistakenly believed that he was selling firearms and explosives to a CIA agent for a covert operation.
According to Anderson, if this mistake of fact were true, the sale of the munitions would be exempt under 18 U.S.C. § 925(a)(1). The jury was instructed that “it should acquit unless it was satisfied beyond a reasonable doubt that the defendants acted with specific intent to violate the law, and that the defendants should be exonerated if the jury entertained a reasonable doubt whether the defendants acted in good faith under the sincere belief that their activity was exempt from the law.” Anderson, 872 F.2d at 1517-18. The Anderson court held this instruction was not error. Id. at 1518.
Florida case law has recognized a “mistake of fact” defense in limited circumstances. For example, in theft cases, where the defendant claims he took another’s property under the mistaken belief that it is his own, the intent to steal, which is essential for a conviction, cannot be proven. Maddox v. State, 38 *205 So.2d 58 (Fla.1948); Dean v. State, 41 Fla. 291, 26 So. 638 (1899).
Although other states have extended a “mistake of fact” defense to different situations and codified it, Florida has not. See 1 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 5.1 n. 3 (1986).
It is unnecessary to determine in the present case whether the defendant was entitled to a “mistake of fact” instruction because the trial court, here, was correct in rejecting the proposed instruction. Here, the proposed instruction would have confused the jury and inaccurately stated the law. The proposed instruction refers to a “known legal duty” and acting “willfully”. These terms are not part of the standard jury instructions for conspiracy or trafficking in cocaine. Fla. Std.Jury Instr. (Crim.) 57, 233.
Furthermore, the jury received correct instructions on the issues of knowledge and intent and resolved these issues against the defendant. See Anderson, 872 F.2d at 1517. Accordingly, we hold that the defendant has faded to demonstrate reversible error in the trial court’s refusal to give defendant’s requested “mistake of fact” special instruction.
Turning to the sentencing issue, the question is whether the conspiracy and trafficking offenses arose from a single criminal episode. See Palmer v. State, 438 So.2d 1 (Fla.1983); Woods v. State, 615 So.2d 197, 198 (Fla. 1st DCA 1993); Haye v. State, 615 So.2d 762, 767 (Fla. 5th DCA 1993); Drake v. State, 614 So.2d 24 (Fla. 2d DCA 1993); Peoples v. State, 576 So.2d 783, 789 (Fla. 5th DCA 1991), approved, 612 So.2d 555 (Fla.1992); Short v. State, 572 So.2d 1007 (Fla. 3d DCA 1991); see also State v. Boatwright, 559 So.2d 210, 212 (Fla.1990).
Here, unlike the facts in Short, the conspiracy was for a series of ongoing drug transactions which would take place over a period of time and involved different quantities and different shipments of contraband. A conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Herrera v. State, 532 So.2d 54, 58 (Fla. 3d DCA 1988).
Thus, the conspiracy was broader in scope, temporally and geographically, than the trafficking offense. See Woods, 615 So.2d at 199. Because the defendant was arrested after the first transaction, his arrest precluded further transactions involving different quantities of cocaine but using the same trafficking scheme. Therefore, we conclude that the trial court did not abuse its discretion by stacking the mandatory minimum sentences in this case. Compare Short, 572 So.2d at 1007.
Accordingly, the convictions and sentences for trafficking and conspiracy to traffic in cocaine are affirmed.
Affirmed.