821 So.2d 1255 (2002)
Joseph Francis KELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4326.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
*1256 Dan S. Arnold, III, of Dan S. Arnold, III, P.A., Fort Lauderdale, and Terence Lenamon of Lenamon & Walsh, P.A., Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellee.
FARMER, J.
Defendant appeals the trial court's sentence to 20 years imprisonment with a 15-year minimum mandatory provision for crimes of trafficking in cocaine more than 400 grams and conspiracy to traffic in cocaine. He argues that the sentencing judge had discretion to depart below the statutory minimum sentence because the amount of cocaine actually purchased, one kilogram, was the result of police inducement, defendant originally intending to purchase only an ounce. We affirm.
Pursuant to a plea agreement, defendant pleaded guilty to trafficking in cocaine in an amount greater than 400 grams and conspiracy to traffic in cocaine. He agreed to a substantial assistance agreement by serving as a confidential informant in exchange for the prosecutor recommending a sentence "that is something less than the fifteen year mandatory minimum for the sentence." Accepting the plea agreement, the trial court reminded defendant that if he violated the agreement, the court could impose a sentence of thirty years imprisonment for each count.
The circumstances of the crime were that defendant, acting as a middle-man, solicited a confidential informant for the purchase of 28 grams (an ounce) of cocaine. The informant, acting at the direction of his assigned police detective, explained to defendant that he dealt in only kilogram quantities of cocaine, and not ounces. Defendant thereupon agreed to purchase one kilogram and during the ensuing sale was arrested. Defendant's prior drug sale activity with the confidential informant involved ounce quantities of cocaine and not kilograms.
Defendant violated the substantial assistance agreement. At sentencing, the prosecutor asked for the mandatory minimum for the crimes to which Defendant pleaded guilty. The judge thereupon imposed the 15-year mandatory minimum on each count to run concurrently with each other. The judge explained that without the prosecutor's waiver, she had no discretion to go below the statutorily mandated sentence minimum of fifteen years for the trafficking in an amount greater than 400 grams charge.
Defendant filed a Motion to Correct Sentencing Error pursuant to Florida Rule of Criminal Procedure 3.800(b) asking the sentencing judge to revisit her determination that she had no discretion to depart below the mandatory minimum. He argued that his crime, in purchasing one kilogram of cocaine rather than one ounce of cocaine, was the result of police entrapment and inducement. The sentencing *1257 judge denied the motion. Defendant now brings this timely appeal of his sentence.
We agree with the trial court that the 15-year minimum sentence was mandatory unless the prosecutor recommended otherwise. See § 893.135(1)(b), Fla. Stat. (1999); see also State v. Taylor, 411 So.2d 993, 993-94 (Fla. 4th DCA 1982) (reversing court's sua sponte mitigation of the mandatory minimum sentence with no appropriate motion by the State Attorney); Hill v. State, 624 So.2d 826 (Fla. 2d DCA 1993) (holding that trial courts may not depart from the minimum mandatory sentencing because "[t]he inclusion in section 893.135 of the proscription against suspending, deferring or withholding the mandatory penalty reflects a legislative intent to strengthen the punishment for large scale drug trafficking."); State v. Gallagher, 573 So.2d 164 (Fla. 4th DCA 1991) (reversing the imposition of a sentence below the mandatory minimum for trafficking in marijuana in excess of one hundred but less than two thousand pounds where the state did not move to reduce the defendant's sentence pursuant to section 893.135 because "[w]ithout such a motion and a finding of substantial assistance, the trial court lacked the authority to impose the reduced sentence"); State v. Senich, 543 So.2d 804 (Fla. 4th DCA) (reversing trial court's mitigated sentence to eight years in prison for crimes of trafficking and conspiracy to traffic in four hundred or more grams of cocaine because defendant had not substantially complied with assistance agreement), review denied, 551 So.2d 462 (Fla.1989).
Defendant argues that we should ignore the statute and line of cases and create a new rule of law that a minimum mandatory sentence in a trafficking case may be avoided when there is evidence of police inducement or entrapment leading to the quantity of the contraband possessed or sold to be greater than the defendant originally had the disposition to possess or sell. He bases his argument primarily on federal decisions that allow such leniency. Unlike the Florida statutes, the federal sentencing guidelines specifically recognize "sentencing entrapment" as a valid basis for leniency. Thus the short answer is that the sentencing statutes in Florida do not permit the judge to avoid the minimum mandatory provisions for the reasons suggested.
We also reject his companion argument that the Due Process Clause requires mitigation of the sentence. The cases on which he relies are distinguishable. In State v. Williams, 623 So.2d 462 (Fla. 1993), the defendant moved to dismiss his charge of purchasing crack cocaine within 1000 feet of a school arguing that the charge was the result of police misconduct. The court held that the trial court should have dismissed because, by manufacturing the crack for use in the reverse sting operation, the law enforcement officials committed misconduct violating due process. 623 So.2d at 466-67. Here, defendant did not move to dismiss his charges but pleaded guilty. In so pleading, defendant did not allege misconduct or police entrapment as a defense. See § 777.201, Fla. Stat. (2000) ("A person prosecuted for a crime shall be acquitted if the person proves by a preponderance of the evidence that his or her criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.").
Similarly, in State v. Glosson, 462 So.2d 1082 (Fla.1985), the Florida Supreme Court explained why the defendant's charge of trafficking in cannabis was properly dismissed where the officers agreed with a confidential informant to pay a 10% commission of all civil forfeitures arising out of successful criminal investigations.

*1258 "Governmental misconduct which violates the constitutional due process right of a defendant, regardless of that defendant's predisposition, requires the dismissal of criminal charges."
462 So.2d at 1085; see also Munoz v. State, 629 So.2d 90 (Fla.1993) (ordering that trial court's dismissal of charges be reinstated due to police entrapment occurring as a matter of law). Here, again, defendant did not move to dismiss his charges, but rather pleaded guilty and failed to raise police entrapment as a defense to the crimes charged.
AFFIRMED.
WARNER and TAYLOR, JJ., concur.