924 So.2d 69 (2006)
Joseph KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4009.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
Opinion Denying Rehearing and Certifying Conflict April 12, 2006.
Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.
No appearance required for appellee.
WARNER, J.
Joseph Kelly appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He claims that he set forth a legally sufficient claim of ineffective assistance of counsel based upon misadvice that the court could stack mandatory minimum sentences for the crimes of conspiracy to traffic cocaine and the actual trafficking of the same cocaine, resulting in a potential sentence of thirty years as opposed to fifteen years. He claims he would not have entered into his plea had the correct advice been given. However, we conclude that there was no misadvice, because the court could elect to stack the mandatory minimum sentences. Therefore, we affirm.
Kelly was charged with trafficking in cocaine and conspiracy to traffic in cocaine based upon events occurring over two days in December 1999. He contacted an individual inquiring about the purchase of an ounce of cocaine. That individual turned out to be a confidential informant for the police. Later that same day, the informant called Kelly and explained that he no longer dealt in small quantities of cocaine but would sell him a kilogram. The next morning Kelly called the informant to set a time and place for delivery. When the parties met to exchange the cocaine and money, Kelly was arrested. The charging document listed the conspiracy as occurring *70 over two days, while the trafficking charge occurred on the second day.
Kelly entered into a substantial assistance agreement with which he failed to comply. He was sentenced to concurrent terms of twenty years in prison with concurrent fifteen year mandatory minimum terms and a fine.
Kelly filed his motion for postconviction relief, alleging that he entered his plea because he was incorrectly advised by counsel, the prosecutor, and the court that he was facing thirty years of mandatory minimum terms. He argued that because the trafficking and conspiracy to traffic were part of the same criminal episode, the mandatory minimum terms could not be stacked and had to run concurrently. He claims that he would not have entered his plea if he had known that the mandatory minimum sentences could not be stacked. The trial court summarily denied his motion.
Kelly was sentenced pursuant to the provisions of section 893.135, Florida Statutes. That section provides, in relevant part:
(1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13:
....
(b)1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, as described in s. 893.03(2)(a)4., or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as "trafficking in cocaine," punishable as provided in s. 775.082, s. 775.083, or s. 775.084. If the quantity involved:
....
c. Is 400 grams or more, but less than 150 kilograms, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and pay a fine of $250,000.
Thus, the statute defining the crime and setting forth the penalty contains the mandatory minimum penalty.
Further, the statute specifically provides that a conspiracy to commit an offense under section 893.135(5) shall be treated and sentenced similarly:
(5) Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) commits a felony of the first degree and is punishable as if he or she had actually committed such prohibited act. Nothing in this subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of subsection (1).
The statute thus authorizes convictions and sentences, with mandatory minimums for both the trafficking and conspiracy, even though they may arise out of the same transaction.
In Daniels v. State, 595 So.2d 952 (Fla. 1992), the supreme court considered whether a trial court had discretion to impose consecutive mandatory minimum sentences on a habitual violent felony offender for convictions arising out of the same criminal episode. There, the mandatory minimum sentences were authorized under the habitual violent felony offender law as a sentence enhancement. The court distinguished the sentencing enhancement statutes from those where the legislature required a mandatory minimum sentence as punishment for the specific crime. The court then held:

*71 Because the statute prescribing the penalty for Daniels' offenses does not contain a provision for a minimum mandatory sentence, we hold that his minimum mandatory sentences imposed for the crimes he committed arising out of the same criminal episode may only be imposed concurrently and not consecutively.
Id. at 954.
The supreme court used this same analysis in Hale v. State, 630 So.2d 521 (Fla. 1993). There, the defendant was convicted of one count of sale of cocaine and one count of possession of the same cocaine. Although the court did not mention under which drug statute Hale was charged, the court noted that the amount was "a small quantity of cocaine." Id. at 522. It noted that the statute did not contain a mandatory minimum sentence. We can therefore conclude that he was charged and sentenced for a violation of section 893.13, Florida Statutes, rather than under section 893.135. However, Hale's sentence was enhanced pursuant to the habitual violent felony offender statute, and the trial court imposed two twenty-five year sentences with ten-year mandatory minimums, which were to run consecutively. In line with Daniels, the Hale court held that the trial court could not impose consecutive mandatory minimum sentences for both crimes arising out of the same episode, because the statutes under which Hale was sentenced did not include mandatory minimum provisions.
Under the Daniels/Hale analysis, in this case the court could impose consecutive mandatory minimum sentences for both conspiracy and trafficking of the same cocaine, because section 893.135 specifically requires a mandatory minimum sentence for each separate crime. Paraphrasing Daniels, because the statute prescribing the penalty for Daniels' offenses does contain a provision for a minimum mandatory sentence, Kelly's minimum mandatory sentences imposed for the crimes he committed arising out of the same criminal episode may be imposed consecutively.
We recognize that Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987), holds that sentences for trafficking and conspiracy convictions for the same cocaine occurring on the same day could not be stacked. However, Vickery relied on a construction of Palmer v. State, 438 So.2d 1 (Fla.1983), which was not adopted by the supreme court in Daniels. In Palmer the defendant robbed at gunpoint a group of thirty people. The court imposed consecutive three-year mandatory minimum sentences for each of the thirteen robberies. On review, the supreme court held that the consecutive sentences arising out of the same criminal episode were not authorized. However, as noted by the court in Daniels, the statute under which the mandatory minimum sentences were imposed in Palmer was a mere "enhancement" of the penalty prescribed for the underlying offense of robbery. 595 So.2d at 953. We believe that the reasoning of Vickery has been superseded by Daniels and Hale.
Similarly, Frazier v. State, 630 So.2d 1237 (Fla. 2d DCA 1994), relied on Vickery and did not discuss Hale or Daniels. The second district has continued to follow this line of cases. See Johnson v. State, 695 So.2d 861 (Fla. 2d DCA 1997). We believe that these decisions are contrary to both Hale and Daniels.
In this case, we conclude that the court was correct in denying the motion for postconviction relief. The attorney, prosecutor, and court did not misadvise Kelly regarding his sentence. The trial court could have ordered consecutive mandatory minimum sentences for his crimes. Accordingly, *72 no ineffective assistance of counsel has been shown.
Affirmed.
FARMER and MAY, JJ., concur.

On Motion for Rehearing
WARNER, J.
We deny rehearing. However, we certify that our decision is in conflict with Johnson v. State, 695 So.2d 861 (Fla. 2d DCA 1997), Frazier v. State, 630 So.2d 1237 (Fla. 2d DCA 1994), and Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987).
FARMER and MAY, JJ., concur.