950 So.2d 526 (2007)
Calvin GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2816.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Graham's sentence due to a scoresheet error and remand for re-sentencing.
It was error to fail to delete from Graham's sentencing scoresheet prior juvenile dispositions on offenses committed more than five years before the offense for which he was being sentenced. See § 921.0021, Fla. Stat. (2005); rule 3.704, Fla. R.Crim. P.
Florida Statutes section 921.0021 provides, in part:
(5) "Prior record" means a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense. . . . Juvenile dispositions of offenses committed by the offender within 5 years before the primary offense are included in the offender's prior record. . . .
§ 921.0021(5), Fla. Stat. (2005).
Florida Rule of Criminal Procedure 3.704(d)(14)(B) provides, in part:
Juvenile dispositions of offenses committed by the offender within 5 years before the date of the commission of the primary offense must be scored as prior record. . . .
It is undisputed that the juvenile offenses in question were not committed within the five-year timeframe, but that the dispositions for those offenses were entered within the five-year time frame. We reject the state's contention that the disposition date is the triggering date.
Reading the statute as a whole, the meaning is clear. Offenses that are committed by the offender within five years before the primary offense modifies "dispositions" so that the statute is most reasonably interpreted to provide the date the offense was committed is the triggering date for purposes of inclusion as a prior record.
Further, it cannot be said conclusively from the record that the trial court would have imposed the same sentence had the juvenile convictions not been scored, as *527 their exclusion would considerably reduce the lowest permissible sentence. See State v. Anderson, 905 So.2d 111, 112 (Fla.2005).
As to all other issues raised, we find no reversible error or abuse of discretion and affirm. We remand for re-sentencing.
FARMER and MAY, JJ., concur.