954 So.2d 1276 (2007)
Jason GERRISH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4280.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Jeremy J. Kroll of Bogenschutz, Dutko & Kroll, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jason Gerrish (Defendant) appeals the denial of his rule 3.850 motion, after an evidentiary hearing on two grounds and the summary denial of the seven other grounds. We reverse solely as to ground seven, which was summarily denied, and otherwise affirm, certifying conflict as to one of the other grounds.
Defendant entered a substantial assistance agreement and open guilty plea with respect to three different cases. In one of *1277 them, he was charged with both trafficking in MDMA and conspiracy to traffic in the same amount of MDMA. In ground one of the motion, he claimed he entered his plea involuntarily because he was relying on misadvice by the state, uncorrected by defense counsel, that he faced a six-year mandatory minimum if convicted, three years for the trafficking and three years for the conspiracy, which he erroneously was told could be run consecutively. He claimed he could not constitutionally receive consecutive minimum mandatory terms, citing, e.g., Johnson v. State, 695 So.2d 861 (Fla. 2d DCA 1997).
The state argued that there was no deficiency because in fact the mandatory minimums could have been stacked, as the record showed the conspiracy and the trafficking occurred at different times. Brothers v. State, 577 So.2d 701 (Fla. 4th DCA) (holding that the trial court permissibly stacked defendant's consecutive minimum mandatory sentences because he arranged the drug transactions at times different from when he executed them), dismissed, 582 So.2d 622 (Fla.1991). In its order summarily denying this ground, the trial court found that even though the conspiracy and trafficking occurred on the same date, stacking of the minimum mandatories was permissible because the undisputed facts showed that they took place at a different time and place citing Brothers and Boom v. State, 538 So.2d 476 (Fla. 2d DCA 1989) (rejecting challenge to stacking of minimum mandatory sentences on the ground that defendant's participation in the conspiracy and trafficking constituted one uninterrupted transaction, where the offenses were sufficiently separate in time and place to warrant the imposition of separate sentences).
We agree with Defendant that nothing in the record showed that any conspiring by Defendant took place at any time or place other than when and where the trafficking transaction occurred. The probable cause affidavit on which the state relied did not allege Defendant did anything other than drive a car, with another co-defendant as passenger, to the place where other co-defendants had arranged for the transaction to occur, and sell the drugs to the officer. Theoretically, he could have driven there at the co-defendant's direction, without conspiring to conduct the transaction until he arrived at the destination. However, we affirm the summary denial of this ground based on Kelly v. State, 924 So.2d 69 (Fla. 4th DCA) (holding that defendant did not show he had been denied effective assistance of counsel based on advice that court could stack mandatory minimum sentences for crimes of conspiracy to traffic cocaine and actual trafficking of same cocaine, as trial court could have ordered consecutive mandatory minimum sentences for his crimes), rev. granted, 937 So.2d 122 (Fla.2006). As in Kelly, we certify conflict with Johnson, Frazier v. State, 630 So.2d 1237 (Fla. 2d DCA 1994), rev. denied, 639 So.2d 978 (Fla.1994), and Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987).
We reverse the trial court's summary denial of Defendant's seventh ground for relief, in which he claimed ineffective assistance of counsel at the sentencing hearing in failing to investigate his lack of prior felony convictions to counter the erroneous prior felony information, which was provided by the state and included on his scoresheet. State v. Anderson, 905 So.2d 111 (Fla.2005); Graham v. State, 950 So.2d 526 (Fla. 4th DCA 2007); Frazier v. State, 912 So.2d 54 (Fla. 4th DCA 2005), receded from on other grounds by Spera v. State, 923 So.2d 543 (Fla. 4th DCA 2006). We reject the state's argument on appeal that the sentencing transcript conclusively demonstrates that the trial court would *1278 have imposed the same sentence anyway, and remand for the attachment of portions of the record, if any exist, which do conclusively so demonstrate, or for Defendant to be resentenced with a corrected score-sheet.
In all other respects, we affirm without discussion.
Affirmed in part, Reversed in part, and Remanded.
SHAHOOD, GROSS and TAYLOR, JJ., concur.