964 So.2d 135 (2007)
Joseph KELLY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-842.
Supreme Court of Florida.
June 28, 2007.
Rehearing Denied August 31, 2007.
*136 Fred Haddad, Fort Lauderdale, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Celia A. Terenzio, Bureau Chief, and Diane F. Medley, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PER CURIAM.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Kelly v. State, 924 So.2d 69 (Fla. 4th DCA 2006). On motion for rehearing, the district court certified that its decision is in direct conflict with the decisions of the Second District Court of Appeal in Johnson v. State, 695 So.2d 861 (Fla. 2d DCA 1997), and Frazier v. State, 630 So.2d 1237 (Fla. 2d DCA 1994), and the First District Court of Appeal in Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Because we conclude that the Legislature intended that the mandatory minimum sentences for the two crimes in question in this case could be imposed consecutively, we approve the decision of the district court below denying Kelly's motion under Florida Rule of Criminal Procedure 3.850.

FACTS AND PROCEDURAL HISTORY
Pursuant to a plea agreement, Kelly pled guilty to conspiracy to traffic in cocaine and trafficking in cocaine of more than 400 grams. Kelley [sic] v. State, 821 So.2d 1255, 1256 (Fla. 4th DCA 2002) (Kelly I). He then violated his plea agreement and was sentenced to twenty years in prison with a fifteen-year mandatory minimum provision, consisting of two concurrent fifteen-year mandatory minimum sentences. Id. In sentencing Kelly, the judge explained that she had no discretion to deviate below the statutorily mandated minimum sentence of fifteen years for the trafficking charge without the prosecutor's waiver. Id. Kelly filed a Motion to Correct Sentencing Error pursuant to Florida Rule of Criminal Procedure 3.800(b), arguing that the judge should have exercised discretion to sentence him to less than the mandatory minimum since he intended to purchase only an ounce of cocaine but ultimately purchased a kilogram due to police entrapment and inducement. Id. This motion was denied, and Kelly then appealed his sentence to the Fourth District, again arguing that the sentencing judge had the discretion to depart below the mandatory minimum sentence since Kelly was induced by the police into buying the larger amount of cocaine. Id. at 1256-57. The Fourth District affirmed Kelly's sentence. Id. at 1258.
Kelly then filed a rule 3.850 motion for postconviction relief, subject of the instant case, alleging that trial counsel was ineffective for advising him that he was potentially facing a thirty-year mandatory prison term, consisting of stacked fifteen-year mandatory minimum sentences, one each for the trafficking charge and for the conspiracy to traffic charge. Kelly, 924 So.2d at 69 (Kelly II). Kelly argued that since the mandatory minimums for these two crimes could only run concurrently under governing case law, he was actually only faced with a fifteen-year mandatory term. Id. at 70. Kelly alleged that but for this bad advice regarding a possible thirty-year mandatory term, he would not have taken the State's plea agreement. Id. The trial court summarily denied the 3.850 motion, and Kelly appealed this summary denial to the Fourth District, arguing that he set forth a legally sufficient claim of ineffective assistance of counsel. Id. at 69.
In affirming the trial court's denial of relief, the Fourth District concluded that *137 there was no misadvice, because the trial court could properly have imposed the mandatory minimum terms consecutively. Id. First, the court below looked to the exact language of the governing statute, section 893.135, Florida Statutes, which reads in pertinent part:
(1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13:
. . . .
(b)1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, as described in s. 893.03(2)(a)4., or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as "trafficking in cocaine," punishable as provided in s. 775.082, s. 775.083, or s. 775.084. If the quantity involved:
. . . .
c. Is 400 grams or more, but less than 150 kilograms, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and pay a fine of $250,000.
. . . .
(5) Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) commits a felony of the first degree and is punishable as if he or she had actually committed such prohibited act. Nothing in this subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of subsection (1).
Kelly II, 924 So.2d at 70 (quoting § 893.135(1), (5), Fla. Stat. (2005)). The lower court concluded that the statute clearly "authorizes convictions and sentences, with mandatory minimums for both the trafficking and conspiracy, even though they may arise out of the same transaction." Id. The Fourth District then turned to two opinions from this Court, Daniels v. State, 595 So.2d 952 (Fla.1992), and Hale v. State, 630 So.2d 521 (Fla. 1993), to determine whether the mandatory minimum terms could be imposed consecutively. Kelly II, 924 So.2d at 70-71. Utilizing to the "Daniels/Hale analysis," the court below held that trial counsel correctly advised Kelly that his sentences could be stacked because the statute specifically requires a mandatory minimum sentence for each separate crime. Id. at 71. "Paraphrasing Daniels, because the statute prescribing the penalty for [Kelly's] offenses does contain a provision for a minimum mandatory sentence, Kelly's minimum mandatory sentences imposed for the crimes he committed arising out of the same criminal episode may be imposed consecutively." Id.
The lower court acknowledged that its holding was in conflict with case law from other districts courts establishing that sentences for trafficking and conspiracy to traffic in the same cocaine on the same day cannot be stacked. Id. However, the Fourth District reasoned that Vickery, the primary case in conflict, was superseded by Daniels and Hale. Kelly II, 924 So.2d at 71. Thus, the Fourth District held that the trial court was correct in denying Kelly's motion for postconviction relief since he was not misadvised regarding the trial court's ability to order consecutive mandatory minimum sentences for his two crimes. Id. at 71-72.

ANALYSIS
Kelly argues on appeal that the Fourth District incorrectly concluded that the mandatory minimum prison terms for trafficking and conspiracy to traffic in the *138 same cocaine could be imposed consecutively. We disagree. We begin our analysis by noting that the intent of the Legislature as expressed in the plain language of the applicable sentencing statutes guides our decision as to whether the trial judge could have imposed consecutive mandatory minimum prison terms in Kelly's case. See State v. Sousa, 903 So.2d 923, 928 (Fla.2005) ("The fundamental rule of construction in determining legislative intent is to first give effect to the plain and ordinary meaning of the language used by the Legislature.").
Kelly asserts that the Fourth District's conclusion below runs contrary to the weight of authority from other district courts, where a number of cases have held that sentences for trafficking and conspiracy to traffic in the same narcotic cannot be stacked when they arise out of the same criminal episode. Notably, in Vickery, the First District clearly held that mandatory minimum sentences imposed for trafficking and conspiracy to traffic in cocaine pursuant to section 893.135 could only be imposed concurrently, not consecutively. 515 So.2d at 397. In reaching this conclusion, that court held that the cocaine offenses "constituted a single criminal episode and were neither separate nor distinct," and thus the mandatory sentences could not be imposed consecutively for each offense. Id. The "single criminal episode" reasoning evidenced in Vickery has been followed by a number of other district courts,[1] including the Second District in Frazier, which the court below also certified as conflicting with the instant case. In that case, again involving convictions for trafficking in cocaine and conspiracy to traffic in cocaine, as well as possession of marijuana, the court analogized to Vickery in concluding that the mandatory minimum sentences were improperly stacked "[b]ecause of the similarity in time, place and amounts of cocaine, the facts show the same criminal episode." Frazier, 630 So.2d at 1237. The Second District again employed the "same criminal episode" analysis in Johnson when it held, "Consecutive minimum mandatory sentences may not be imposed for trafficking in cocaine and conspiracy to traffic in cocaine, when those offenses arise out of the same criminal episode and involve the same contraband." 695 So.2d at 861. Thus, Kelly correctly asserts that the lower district courts have consistently held that sentences for trafficking and conspiracy to traffic in the same substance must be imposed concurrently.
However, we believe that more recent precedent from this Court better resolves the instant question, as it focuses our inquiry on the Legislature's intent as expressed in the applicable sentencing statutes. In Daniels, we answered a certified question of great public importance from the First District regarding a trial judge's decision to impose three consecutive mandatory minimum sentences for first-degree felonies committed by a habitual violent felony offender. 595 So.2d at 952-53. The defendant in Daniels was convicted of burglary while armed, sexual battery with *139 a deadly weapon, and armed robbery, all arising out of a single criminal episode. Id. at 953. He was sentenced to three fifteen-year mandatory minimum sentences, designated to run consecutively. Id. The consecutive mandatory minimum sentences, however, were predicated on Daniels' status as a habitual violent felony offender under statutory enhancement provisions; the applicable statutes prescribing the individual punishments for the underlying felonies contained no authorization for mandatory minimum penalties. Id. at 953-54. We therefore analogized to Palmer v. State, 438 So.2d 1 (Fla.1983),[2] in holding, "[Daniels'] minimum mandatory sentences imposed for the crimes he committed arising out of the same criminal episode may only be imposed concurrently and not consecutively." 595 So.2d at 954. Thus, in Daniels, we were not persuaded to stack mandatory minimum sentences when the underlying felony statute contained no authorization for a mandatory term.
In Hale, we relied upon Daniels in deciding whether sentences for the sale of cocaine and possession of cocaine with intent to sell could be imposed consecutively. 630 So.2d at 524. The defendant in Hale was also designated a habitual violent felony offender, allowing the trial judge to sentence him to consecutive ten-year mandatory terms for each count. Id. at 522-23. Addressing whether the trial court erred in imposing the sentences consecutively in light of our recent decision in Daniels, we held that Hale's consecutive sentences had to be reversed since his mandatory terms were likewise the result of an enhancement statute and were not expressly provided for in the statute. Id. at 524.
In [Daniels] we distinguished statutory sentences in which the legislature had included a minimum mandatory sentence . . . from sentences in which there is no minimum mandatory penalty although one may be provided as an enhancement through the habitual violent offender statute. . . . We find that the same principle applies in the instant case. None of the statutes under which Hale was sentenced contain a provision for a minimum mandatory sentence.
Id. While the trial court was permitted to impose separate consecutive sentences for the possession of the cocaine and for the sale of the cocaine, we held that it was not allowed to first enhance Hale's sentence as a violent offender and then make the enhanced sentence for each charge run consecutively without specific legislative authority. Id. at 525.
*140 Turning to the instant case, it is our view that the plain language of the statutes permit the prescribed mandatory minimum sentences for conspiracy to traffic and trafficking in the same cocaine to be stacked. As quoted above, the conspiracy to traffic statute, section 893.135(5), provides that "[a]ny person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by [the trafficking statute] commits a felony of the first degree and is punishable as if he or she had actually committed such prohibited act." 893.135(5), Fla. Stat. (2005). By the plain wording of the statute, the Legislature provides that the punishment for a conspiracy to traffic offense should mirror that for an actual trafficking offense; the penalty for trafficking as prescribed in the applicable statute requires a mandatory minimum prison term of fifteen years. See § 893.135(1)(b)1.c. The conspiracy statute then specifically provides that "[n]othing in this [conspiracy] subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of [the trafficking statute]." 893.135(5). Thus, the governing statutes provide that a defendant is to be sentenced separately for conspiracy and for trafficking, with each crime requiring a mandatory minimum prison term. Accordingly, we find that the Fourth District was correct in concluding that Kelly's minimum mandatory sentences for conspiracy to traffic and trafficking in cocaine could have been imposed consecutively.

CONCLUSION
Since section 893.135, Florida Statutes, prescribes a separate fifteen-year mandatory minimum sentence for conspiracy to traffic in cocaine and for trafficking in cocaine, we agree with the Fourth District's conclusion that the trial court could have imposed these mandatory minimum sentences consecutively. Kelly's ineffective assistance of counsel claim was properly denied, as trial counsel did not misadvise Kelly that he was potentially facing a thirty-year mandatory term. We disapprove of the decisions in Johnson, Frazier and Vickery to the contrary. The Fourth District's decision herein is approved.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] See, e.g., Peoples v. State, 576 So.2d 783, 789 (Fla. 5th DCA 1991) ("Consecutive minimum mandatory sentences are not appropriate when the multiple offenses for which sentences are imposed are committed during a single continuous episode. This rationale is applicable to sentences imposed pursuant to section 893.135." (citing to Vickery and Palmer v. State, 438 So.2d 1 (Fla.1983))) approved in result, 612 So.2d 555 (Fla.1992); Short v. State, 572 So.2d 1007, 1007 (Fla. 3d DCA 1991) (reversing consecutive mandatory minimum sentences for conspiracy to traffic in cocaine and trafficking in cocaine and holding "[b]ecause the offenses of trafficking and conspiracy to traffic in cocaine arose from a single criminal episode involving the same contraband, the offenses were `not sufficiently distinct to permit consecutive mandatory sentences.'" (quoting Vickery, 515 So.2d at 397)).
[2] In Palmer, defendant Palmer was convicted of thirteen counts of robbery, one count of aggravated assault, and one count of carrying a concealed firearm after robbing mourners at a funeral parlor during a wake. 438 So.2d at 2. In addition to the other sentences for other charges, the trial court sentenced him to a mandatory minimum sentence of three years for each robbery for a total of thirty-nine years mandatory time on the robbery charges. Id. The statutory authority for the mandatory minimums was apparently derived from a firearm enhancement statute, section 775.087(2), Florida Statutes (1981); another statute, section 775.021(4), Florida Statutes (1981), provided that trial judges were allowed to issue consecutive prison sentences for separate offenses occurring during the same criminal episode. 438 So.2d at 3. Thus, since Palmer robbed thirteen individuals at gunpoint at the funeral home in one criminal episode, the trial judge imposed thirteen consecutive three-year mandatory terms for the robberies. Id. We reversed, however, ruling that the applicable firearm enhancement sentencing statute did not authorize a trial court to deny a defendant the eligibility for parole for a period greater than three calendar years, and accordingly the robbery sentences could only be imposed concurrently. Id. at 3-4.